ALONZO CRITTENDEN and FREDERICK A. CUSHMAN, Executors, &c., Respondents, *v.* BENJAMIN P. FAIRCHILD, Appellant.

A power in trust, given to executors, to sell real estate, devised absolutely by the will, is valid. ·

Such power is not inconsistent with the devise, but the estate vests in the devisees, subject to the execution of the power.

*Quinn* v. *Skinner* (49 Barb., 128), distinguished.

(Cause argued September 28th, 1869, and decided December 21st, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court, in the second district, in favor of the plaintiffs, on a submission of a controversy under the Code.

On the 31st of October, 1868, Eliza B. Sommers departed this life, at the city of New York, seized of certain real estate, among which was a lot bounded on Ninth street, in said city. She left a last will and testament, naming the respondents herein as executors, which was duly admitted to probate by the surrogate of the county of New York, and letters testamentary were issued thereon, to said respondents, who thereupon duly qualified and entered upon the discharge of their duties as such executors.

By her will, the testatrix made certain specific bequests, amounting, in the aggregate, to the sum of $127,500; and she then disposed of the rest and residue of her estate by a clause, which contained the following words: ·

" ITEM.—I hereby give, and devise, and bequeath all the rest, residue and remainder of my estate, both real and personal, unto the children and grandchildren of my husband, Rev. Charles G. Sommers, hereinafter mentioned; and, also, unto my half-brothers, Samuel Oakey Seymour, William H. Seymour, Daniel E. Seymour, and the children of my deceased half-sister, Mary E. Ault, in manner following, that is to say : I order and direct that the said residuary estate shall be divided into five equal parts, and that one-fifth part thereof shall be equally divided between Thomas S. Sommers. Mary E. Howe, Margaret McConnell, Martha B. Chamberlain,

Emily A. Gilley (children of my said husband), and the children of Sarah Cushman, deceased, and the children of John B. Y. Sommers, deceased (grandchildren of my said husband); the children of said Sarah to take the share which their mother would have been entitled to, if living, and the children of said John to take the share which their father would have been entitled to, if living."

The testatrix then gave to her executors power to sell her real estate, by a clause, which is in the following words:

"And I hereby give and grant to my executors, full power and authority to grant, bargain and sell my real estate, or any part thereof, for such price, and on such terms, as they shall deem best; and to execute and deliver all necessary and proper deeds of conveyance to the purchasers thereof. It is, however, my will, and I order and direct, that the real estate herein given and devised to my husband, during his lifetime, shall not be sold by my said executors, without the written consent of my said husband; and in case of sale thereof, with his consent, it is my will that my said husband shall receive the interest of the proceeds of the sale thereof, during his lifetime."

Pursuant to the power thus vested in the executors, they advertised a lot on Ninth street for sale at public auction, and the same was struck off to the appellant at the sum of $8,300. At the time and place, named in the terms of sale, for the completion of the purchase, the respondents tendered to the appellant a deed duly executed by them, as executors, but he declined to receive the same and complete the purchase, on the ground that the executors were not, by the will, vested with any valid power to sell said premises, and could not therefore convey a good title to the same.

It is admitted, that several of the residuary devisees are minors, and that the Rev. Charles G. Sommers departed this life before said sale was made.

Upon a case embracing the above facts, submitted to the Supreme Court, at General Term, judgment was ordered directing that the appellant specifically perform his contract

of purchase; and from the judgment entered pursuant to that order, this appeal is taken.

*William Henry Arnoux*, for the appellant, cited *Quinn* v. *Skinner* (49 Barb., 128); 1 R. S., 727, § 45; 732, § 73; 728, § 55; 734, § 94; *Hawley* v. *James* (16 Wend., 61, 175); *Howe* v. *Van Schaack* (20 Wend., 564); *Beekman* v. *Bonsor* (23 N. Y.); *McDonough* v. *Laughlin* (20 Barb., 238); *James* v. *Morey* (2 Cowen, 246); *Nicholson* v. *Halsey* (1 Johns. Ch., 416); *Re DeKay* (4 Paige, 403); *Wood* v. *Wood* (5 Paige, 596); *Farmers' Loan and Trust Co.* v. *Carroll* (5 Barb., 613, 643); *Reed* v. *Underhill* (12 Barb., 117); *Hunt* v. *Rousmaniere* (8 Wheaton, 207); *Johnson* v. *Jansen* (6 Johnson, 72); *Sharpsteen* v. *Tillou* (3 Cowen, 651); *Slocum* v. *Slocum* (4 Edwards Ch., 613); *Lovett* v. *Gillender* (35 N. Y. R., 617); *Gedhill* v. *Brigh* (1 Bos. & P., 192); *Maundrell* v. *Maundrell* (7 Ves. Jr., 567).

*Henry W. Johnson*, for the respondents, cited *Mann* v. *Mann* (14 J. R., 1); *Lorillard* v. *Coster* (5 Paige, 172); *De Nottebeck* v. *Astor* (13 N. Y., 98); *Corrigan* v. *Kiernan* (1 Bradf. R., 208); *Arcularius* v. *Geisenhainer* (3 id., 64); *Chrystie* v. *Phyfe* ( 19 N. Y., 344); 1 R. S., 748, Margl. p.; § 2; 2 Kent, 320; Williams Ex'r, 578; 1 R. S., 732, marg. p. §§ 77, 79, 94, 106); *Roome* v. *Phillips* (27 N. Y., 357); *Russell* v. *Russell* (36 N. Y., 581); *Catton* v. *Taylor* (42 Barb., 578); *Scott* v. *Monell* (1 Redf., 431).

MASON, J. The only question presented in this case, is whether this will gives a valid power of sale to these executors, under which they can convey a good title to the premises in question, to the defendant. It is very clear to my mind that it does. The appellant's counsel claims and insists, that there is no positive trust created in this case, and that if a trust to sell can be implied, it would not be valid as a trust, because it is neither for the purpose of paying debts or legacies. The fair import of the will is, that these residuary legatees shall receive from the executors their

bequests in money. If.this be so, then the lands are required to be sold by the executors, and the moneys distributed to these residuary legatees, according to the directions contained in the will. It does not follow, however, that if this is not one of the trusts allowed by the statute, this power of sale is therefore wholly invalid. The fifty-eighth section of the same article, declares that where an express trust shall be created for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees; but the trust directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers contained in the third article of this title (1 R. S., 729, § 58.) The construction put upon this fifty-eighth section in the case of *Downing* v. *Marshall* (23 N. Y. R., .366, §§ 379 and 380), and in which I fully concur, relieves the case from this difficulty, if any such existed in the case. But this argument does not belong to the case. Here is no attempt to vest a title in the trustees, but to confer a power of sale upon these executors, and distribute the avails to the residuary legatees. It has never been doubted that such a power of sale—conferred upon the executors for the purpose of carrying out the provisions of the will, and where the exercise of the power becomes necessary to carry out the intentions of the testator—is good.

It is apparent, that this testatrix intended not only to confer a power of sale, but that the exercise of such power would become absolutely necessary, to enable the executors to make the distribution required to the residuary legatees. The purposes of the testatrix, in this respect, are so clearly expressed, as to leave no reasonable doubt as to his wishes. The division into the shares provided, is to be made by the executors; and the distribution,which they are required to make in shares, is wholly incompatible with the idea that she intended her residuary estate should vest immediately and absolutely in the devisees, without a division; and it is no objection to the power in trust, in this case, taking effect as such, that it leaves the title

in the heirs, subject to the execution of this power. (*Downing*
v. *Marshall*, 23 N. Y. R., 379 and 380.) It follows, from
what we have already said, that the objection made by the
appellant, that the title offered him in this case, is not good,
because the power of sale, which these executors have executed
in making this conveyance to him, is inconsistent with, and
defeats the devise to these residuary legatees, is not tenable. The
title is made by the statute, in such a case, to vest at once in the
devisees, subject only to the execution of the power, for the
purposes for which it was conferred. (1 R. S., 729, § 56;
4 Kent Com., 321, 322, 8th ed., 338, 339.)

The case, *Quinn* v. *Skinner* (49 Barb. R., 128), decided by
the same court that pronounced the judgment in this case,
decides nothing in conflict with the views above expressed.
In that case, it expressly appears, that the power of sale was
not given to enable the executors to carry out the provisions
of the will in the payment of legacies.

The judgment, in this case, should be affirmed.

LOTT, J.  The only question presented by the appeal, in this
case, is whether the defendant, under his contract of purchase,
would acquire a good title in fee simple under the plaintiffs' deed,
as executors of the last will and testament of Eliza B. Sommers,
to the land bought by him, "free and clear of, and from all
right, title, interest, claim and demand of the residuary devi-
sees in said will mentioned." This objection to the acceptance
of the deed, was placed " on the ground that the plaintiffs, as
such executors, as aforesaid, had no power or authority to
convey said premises in manner and form, as they had
assumed to do, or otherwise, because the said premises had
been devised in fee to parties named in said last will."

The testatrix, by the first item of the will, gave her
husband a pecuniary legacy of $30,000 absolutely, and the
use and possession of a dwelling-house and two lots of land
in the city of New York, during the term of his natural life,
and then declared that, " on his death, the said house and two
lots of land, or the proceeds thereof, if sold, should form a

part of his residuary estate. She also gave her husband, during his lifetime, the use of the household furniture, contained in said dwelling-house; and, after giving several pecuniary legacies, amounting in the aggregate to a large amount, she gave, devised and bequeathed all the rest, residue and remainder of her estate, both real and personal, to different persons. She then nominated the plaintiffs executors, and concluded with the following provision: "And I do hereby give and grant unto my said executors, full power and authority to grant, bargain and sell my real estate, or any part thereof, for such price and on such terms, as they shall deem best, and to execute and deliver all necessary and proper deeds of conveyance to the purchaser thereof. It is, however, my will, and I do order and direct that the real estate herein given and devised to my said husband, during his lifetime, shall not be sold by my said executors without the written consent of my said husband; and in case of the sale thereof, with his consent, it is my will, that my said husband shall receive the interest of the proceeds of the sale thereof, during his lifetime."

The husband of the testatrix survived her, but died before the proof of her will.

It is stated in the case submitted to us, that she died seized in her own right in fee, amongst other real estate, amounting in the aggregate to upward of $50,000, of the lot or piece of land purchased by the defendant, but it does not appear whether she owned any except the dwelling-house, and two lots of land devised in and by the said first item, and as that was thereby only disposed of for life, the residuary devise in the clause is entirely consistent with the fact that she had no other; and it is evident that she by that item, contemplated a conversion thereof into personal estate, for the purpose of distribution of the proceeds under the residuary clause, and she expressly provides for that contingency, by declaring that the proceeds shall in that case form a part of her residuary estate.

There is, therefore, no ground for the assumption, as a

ground for objection to the title, that the pieces in question "had been devised in fee to parties named in said last will."

If, however, it be assumed that the property sold was other than that referred to in the first item, I am of opinion that the defendant would have acquired a good title thereto. It is the fair inference, from the direction as to the dwelling-house, and two lots connected therewith, and the general power of sale given to the executors of the will, that she intended to give them a discretionary power to sell the whole of her real estate, and convert the same into money to enable them to make a division of the proceeds with the personal estate among the distributees under the residuary clause. That, after the disposition of all the rest, residue, and remainder of her estate, both real and personal, directs it to be divided into five equal parts, treating it as an entire property. That clearly directs such division to be made by the executors, and the power of sale was given to them to carry out that object. There is no question as to the validity of such a provision.

I will only add, in relation to the case of *Quinn* v. *Skinner* (49 Barb., p. 128), relied on by the appellant as an authority for his objection to the title, that it does not sustain it. There were many facts in that case not in this, which controlled that decision; and if there are any general remarks in the opinion there given that give color to the appellant's claim, it appears that they were not intended to apply "where the object of the power had been worthy such a distribution, the protection of infants, or the like." That opinion was not concurred in by all of the judges, as appears by a reference to the case in 50 Barb., p. 4, in note of errata, and the two judges by whom the decision therein was made, joined in the judgment now under review. They, therefore, did not consider the questions the same; if they did, it would follow that they intended to overrule their former decision.

In any aspect of the case, I see no ground for the reversal of the judgment appealed from. It must therefore be affirmed with costs.

All the judges concurring, judgment affirmed.