(19 App. Div. 499.)

### SIMMONS v. TAYLOR.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE DEVISED.
    The will of plaintiff's wife gave all her property, real and personal, after payment of an annuity to her mother, to plaintiff, for life, with power to use, in addition to the income, whatever portion of the principal might be necessary for his comfort and convenience, at any time during his life, in providing for his necessities, in case the income should be insufficient for the purpose. The will then made elaborate provisions for the disposition of the residue, after plaintiff's death, and plaintiff was appointed executor, and given, as such, a full power of sale, in order to carry out the provisions of the will. Held that, under such will, plaintiff took an estate in his wife's lands which was something more than a life estate, but something less than a fee, but how much more than a life estate could not be determined during his life.

2. SAME—POWERS OF SALE—ADMINISTRATORS.
    Held, further, that the power of sale, being discretionary, did not vest in an administrator with the will annexed, appointed upon the removal of plaintiff as executor.

Appeal from trial term, Ulster county.

Action by William H. Simmons against James Taylor. From a judgment in favor of plaintiff, entered on a decision of the court after a trial without a jury, defendant appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

James Edward Graybill, for appellant.

John J. Linson, for respondent.

LANDON, J. Ejectment. Frederick E. Langford is the real plaintiff, and sues in the name of his grantor, William H. Simmons, under section 1501 of the Code. Simmons derived title under the will of his wife, of which he was also the executor, with power of sale; but, before he conveyed to Langford, he was removed by the surrogate, and John S. Hinkley, a creditor of the testatrix, was appointed administrator with the will annexed, and he, assuming to exercise the power of sale given to the executor by the will, conveyed the premises to the defendant. Afterwards Simmons conveyed to Langford. Hence the conflicting titles. If Hinkley had full power of sale, then the defendant's title is good. If he had not, then Simmons had an estate in the land which he could convey to Langford. The trial court held that he had a fee. Sally A. Simmons, the wife of the plaintiff, died November 22, 1890, seised in fee of the premises in question, leaving a last will and testament, which was duly admitted to probate, by which she first gave, after the payment of her lawful debts, to Ruth Redmond, her mother, $60 annually during her natural life, to be paid to her by her executor, and then provided:

"Second. After the payment of the foregoing annuity to said Ruth Redmond, I give, devise, and bequeath all my estate, both real and personal, and wheresoever situate, to my husband, William H. Simmons, for and during his natural life, with power and authority to use, in addition to the increase and income thereof, whatever portion of the principal of my said estate may be necessary for his comfort and convenience, at any time during his life, in providing for his necessities in case said income shall at any time be insufficient for that purpose. Third. After the death of my said husband, William H. Simmons, I give and bequeath to William Henry Redmond the sum of three hundred ($300) dollars, in consideration of his kindness to my mother."

By the fourth, fifth, sixth, and seventh provisions of the will, "after payment of said annuity to my said mother, the death of my said husband, and the payment of said legacy to William Henry Redmond," she disposed of "the next residue and remainder of my estate, both real and personal," among her brothers, sisters, nephews, and nieces, and then thus provided:

"And in order to carry out the provisions of this, my last will and testament, according to their true intent and meaning, I hereby authorize and empower my executor, hereinafter named, to sell and convey any and all the real estate of which I may die seised and possessed, upon such terms and at such times as to him shall seem meet and proper; and I expressly direct and empower him to make such sale at any time he may deem it for the best interests of my estate. Likewise, I make, constitute, and appoint my said husband, William H. Simmons, of Delhi, aforesaid, to be my executor of this, my last will and testament, hereby revoking all former wills by me made."

It is plain that the plaintiff took a life estate under the will, and also whatever more should be "necessary for his comfort and convenience at any time during his life in providing for his necessities, in case such income shall be insufficient for that purpose." The

testatrix, in extending her bounty to her husband beyond a mere life estate, limited that extension to what should be "necessary for his comfort and convenience," not generally and without limit, but "in providing for his necessities," and then only "in case said income shall at any time be insufficient for that purpose." This income was expressed to be of both real and personal estate. How much personal estate does not clearly appear, since the plaintiff, as executor, filed no inventory, and left a considerable amount of the debts of the testatrix unpaid. The inventory filed by the administrator with the will annexed, January 6, 1893, amounted to $204.61. The testatrix did not expect that he would consume the entire corpus of her estate; otherwise, she would not have made the elaborate provisions for the distribution of the "next residue and remainder of my estate, both real and personal," among her brothers and sisters, nephews and nieces, "after the payment of said annuity to my said mother, the death of my said husband, and the payment of said legacy to said William Henry Redmond." Whether Ruth Redmond survived the testatrix does not appear. The case in respect to the quantity of the estate taken by the husband is somewhat like Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467, and Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726. In the case first cited, the plaintiff claimed title to the premises devised to the husband, who was also the executor of his deceased wife's will, by virtue of a sheriff's deed given upon an execution sale thereof under a judgment of a date earlier than the husband's conveyance to the defendant, which conveyance was given for the purpose of paying the testatrix's debts, the husband having full power of sale. In that case, as in this, the husband was given a life estate, with the right to use so much of the corpus thereof as he might need for his "personal wants and necessities in providing for his support and livelihood," and restricting the same to such use, but giving him the power to determine respecting the same. It was held that the husband did not take a fee, but a life estate, in the premises, with the power to use so much of the corpus thereof as might be required for his personal wants and necessities, but that the power of sale was valid; and, as it was exercised for the purpose of paying the debts of the testatrix, the title thus given by him to defendant was superior to that obtained by the plaintiff upon an execution sale against him. In the second case, the husband devised all his property, real and personal, to his wife, "to have and to hold for her comfort and support * * * if she needs the same during her natural lifetime," and then provided, after her death, for the ultimate disposition of $1,000, "if there is enough of said property left at the death of my wife." The court held that this was a devise to the wife of more than a life estate, but of less than a fee. The wife mortgaged the real estate, and soon after died, and the question before the court was whether the liens of the husband could attack this mortgage. The court held they could, by proving affirmatively that it was not given to provide for her comfort and support; that, "when she gave the mortgage, she either honestly needed its proceeds, and did what she had a right to do,

or she committed a fraud, and perpetrated without any authority an illegal act, intended to injure the heirs at law."

Apart from the power of sale given to the plaintiff by the testatrix, Mrs. Simmons, it should in like manner be held that she gave the plaintiff something more than a life estate, and something less than a fee, but how much more than a life estate is not determinable in his lifetime, since until after his death it cannot be known how much of the corpus of the estate "may be necessary for his comfort and convenience   *   *   *   in providing for his necessities in case said income shall at any time be insufficient for that purpose." This question may be relegated to the residuary devisees and legatees. They are not now before the court. But the will gave to the executor, "hereinafter named," namely, the plaintiff, full power of sale, "in order to carry out the provisions of this, my last will and testament, according to their true intent and meaning,   *   *   *   upon such terms and at such times as to him shall seem meet and proper,   *   *   *   at any time he may deem it for the best interests of my estate." If the plaintiff had continued to be the executor, it would be presumed, in favor of his grantee, Langford, as in the case of Rose v. Hatch, that he made the sale in pursuance of the power and discretion confided to him in the will, and his grantee would have taken a fee. 1 Rev. St. p. 732, §§ 81, 85. But, before he conveyed to Langford, he was removed as executor, and thus his powers as executor ceased, and he had no power to convey any greater estate than was devised and bequeathed to him. Hinkley was appointed administrator with the will annexed. If the power of sale thereupon became vested in him, then the presumption is that he exercised it in due course of administration, and that the defendant's title is good, and that whatever title the plaintiff had was subject to the exercise of this power; for a devise of title may be made to one person, subject to a power of sale in another. Crittendon v. Fairchild, 41 N. Y. 289. The statute provides that administrators with the will annexed "shall have the same rights and powers, and be subject to the same duties, as if they had been named executors in such will." 2 Rev. St. p. 72, § 22. This provision is strictly construed. Whatever the executor must do under the will, the administrator may do. Whatever the executor may or may not do under the will, according to his discretion, or as his personal interests may be affected, the administrator cannot do. Mott v. Ackerman, 92 N. Y. 539, 552; Cooke v. Platt, 98 N. Y. 35.

There is nothing on the face of the will making it imperative upon the executor to sell the estate. It might or might not become necessary. It might become wise, although unnecessary. It is pretty clear that after the death of the plaintiff, whether the corpus of the estate should be depleted or not by the plaintiff's necessities, a sale would be necessary in order to effect the distribution then to be made. It might be wise for the plaintiff to sell it, and so invest it that, whether much or little of it remained, it could then be easily divided. It was thus the will invested him with a discretionary power to sell or not in his lifetime, as to him should "seem

meet and proper." We do not think the administrator became vested with the power of sale. It follows that the administrator's deed to the defendant conveyed no title in the premises; that the plaintiff's deed to Langford conveyed an estate therein for the plaintiff's life, subject to whatever liens thereon the due course of administration of the testatrix's estate may establish, and liable to be so augmented as to embrace the equivalent of whatever portion of the corpus of the estate above its income shall, prove to be necessarily applied to the comfort and convenience of the plaintiff. But it does not now appear that the plaintiff, who is still living, will ever be entitled to more than a life estate in the premises or their proceeds.

The judgment should, as between the parties, declare that Langford has an estate in the premises for the life of the plaintiff (Code Civ. Proc. § 1519), and, as thus modified, be affirmed, with costs. All concur.