ISAAC HUTKOFF and Others, as Executors, etc., of NATHAN HUTKOFF, Deceased, Plaintiffs, *v.* WINMAR REALTY CO., INC., Defendant.

First Department, February 6, 1925.

Wills — construction — will left residuary estate in trust for benefit of wife with remainder to testator's children and to issue of deceased children per stirpes — later clause in will gave executors and trustees power of sale — death of widow terminating trust did not terminate power of sale — executors and trustees had power to sell real property after termination of trust and can convey good and marketable title — vesting of real property in children was subject to exercise of power.

The executors and trustees under a will had the power after the termination of a trust in real estate for the benefit of the widow of the testator by her death, to sell the real estate, and may give a good and marketable title thereto, where it appears that the real estate was left in trust for the benefit of the testator's wife, with remainder to his children and to the issue of any child who predeceased the testator, in equal shares *per stirpes;* and that a later clause in the will granted to the executors and trustees the power to sell the real estate if, in their judgment, it was necessary to do so.

The termination of the trust did not terminate the power of sale which was granted to the executors and trustees, since that expression of authority was entirely separate from the trust provision and was contained in a separate and later clause of the will, was general in its scope, was to be exercised by the executors and trustees as in their judgment might be for the best interests of the estate, and was not restricted to the necessities of the trust.

Undoubtedly, upon the termination of the trust, the real property vested in the children of the testator and in the issue of any of them then deceased *per stirpes,* but such vesting of title was subject to the exercise by the executors and trustees of the power of sale contained in the will.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Lind & Marks* [*Alfred D. Lind,* of counsel; *Norman L. Marks* with him on the brief], for the plaintiffs.

*Jacob Shapiro,* for the defendant.

MERRELL, J.:

This controversy depends upon the construction of certain provisions of the last will and testament of Nathan Hutkoff, deceased. Hutkoff, at his decease, was seized of certain real estate in the borough of Manhattan, New York city. He died November 20, 1917, a resident of the county of New York, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of said county, and the plaintiffs duly qualified as the executors and trustees named in said will. The will, after making several charitable and other specific bequests, left the rest, residue and remainder of the estate of the testator to his executors in trust for the benefit of testator's wife during her life, the said executors being directed to pay to testator's wife from the income derived from said residuary estate the sum of $3,500 per annum during the term of her natural life.

The 26th clause of said will provides as follows: " On the death of my beloved wife, the trust hereinbefore created shall cease and determine, and thereupon I give, devise and bequeath all of said trust property and estate unto my beloved children who may then be living, and to the issue of any of them who may then be deceased, in equal shares, *per stirpes* and not *per capita* excepting that from the shares of my estate which may then pass to my beloved daughter Minnie Hirschfeld, there shall be deducted the sum of One thousand five hundred ($1,500.00) dollars, which said sum I give and bequeath to Clarence Hirschfeld, a son or my said daughter, Minnie Hirschfeld."

The 28th clause of the will gave testator's executors and trustees a power of sale of testator's real property as follows: " I hereby authorize and empower my Executors and Trustees hereinafter named, from time to time to sell and dispose of any real estate or interest therein of which I may die seized, at private sale and on such terms, either for part cash or part mortgage, or in exchange for other real estate or interest therein, as in their judgment may be for the best interests of my estate, and to execute, acknowledge and deliver all deeds or other instruments which may be necessary to carry this power into full force and effect."

Rachel Hutkoff, the widow of testator, for whose benefit the said trust was created, died on February 11, 1924. Thereafter and on May 16, 1924, the plaintiffs, under the name of the estate of Nathan Hutkoff, entered into a written contract with the defendant for the sale of a parcel of real property, a part of the estate of the testator. Upon the due date provided in the contract the plaintiffs executed and tendered to defendant an executors' and trustees' deed of the premises contracted to be sold and demanded that

defendant complete its purchase of said premises by paying the consideration provided for in said contract and executing and delivering to plaintiffs a bond and purchase-money mortgage, as provided in said contract, and at the same time tendered to defendant for execution such a bond and mortgage. The defendant, though otherwise ready and willing to take title of the premises for which it had contracted, refused to complete such purchase on the ground that plaintiffs could not convey a marketable title to said premises. The ground upon which defendant refused to accept from plaintiffs the proffered title was that the authority of the plaintiffs as executors and trustees to sell and convey the real property of the testator expired with the termination of the trust created in said will for the benefit of testator's wife, and such is the contention of the defendant now. The question here presented, therefore, is as to whether the power of sale provided in the will of the testator terminated upon the death of the widow, or whether it survived such event, and the conveyance by plaintiffs to defendant was a valid exercise of such power.

It is the contention of the defendant that the power of sale was created for the sole purpose of enabling the executors and trustees to carry out the trust for the benefit of testator's wife and that said trust terminating with her death, the power of sale expired with it. I do not think such was the intention of the testator. While the testator probably thought that the vesting in his personal representatives of authority to sell and convey real property would facilitate the execution of the trust for his widow, he did not restrict the exercise of such power to that purpose. The power of sale was conferred upon his *executors* and trustees. The expression of authority was entirely separate from the trust provision and was contained in a separate and later clause of the will, was general in its scope and was expressly to be exercised by the executors and trustees " as in their judgment may be for the best interests of my estate." Had the intention of the testator been to restrict the power of sale to the necessities of the trust, he would have undoubtedly so expressed himself, or would at least have given the power in connection with the trust, and not left it to a later and entirely disconnected provision of his will wherein he gave his personal representatives the power to sell and dispose of his real estate for the " best interests " of his " estate."

Good reasons suggest themselves why the testator might well have wished to confer upon his personal representatives a general power of sale for the purpose of a distribution of his estate among the residuary legatees and devisees. On the death of testator's wife the will gave, devised and bequeathed all of the trust estate

unto the children of the testator then living and to the issue of any of them who might then be deceased in equal shares *per stirpes* and not *per capita.* In case any such taker should be an infant, the acquiring of the title of such would involve a complicated and expensive court proceeding, which the testator might well have wished to avoid. He might also have foreseen discord among the residuary owners and the necessity of resorting to an expensive action in partition with attendant delay in order to obtain a sale of the real property and a division of the proceeds among those entitled thereto. Indeed, it appears that between the date of the making of the contract of sale and the time therein fixed for the passing of title, one of the testator's children did actually commence an action in the Supreme Court for a partition of the real property of which decedent died seized, including the contracted premises. Thus the possible fears of the testator that all would not be harmonious among those who would eventually succeed to his real property seem justified by succeeding events. By the power of sale in the will the testator provided a way for the disposal of his estate by his trusted representatives at a nominal expense and thereby sought to save long delay and considerable expense which might otherwise result. Such are the reasons which usually give birth to powers of sale in wills. Certain it is that the testator in no way confined the exercise of the power of sale to the execution of the trust, but on the contrary made the same in the most general way for the benefit of his whole estate.

Undoubtedly, under the terms of the will of the testator, his real property, upon the termination of the trust for the benefit of his widow, vested in his children and the issue of any of them then deceased, *per stirpes.* But such vesting of title was subject to the exercise by plaintiffs of the power of sale contained in said will. (*Crittenden* v. *Fairchild,* 41 N. Y. 289; *Manice* v. *Manice,* 43 id. 303; *Cussack* v. *Tweedy,* 126 id. 81; *Van Cott* v. *Van Cott,* 167 App. Div. 694; affd., 219 N. Y. 673.)

In *Cussack* v. *Tweedy* (*supra*) the Court of Appeals said: "We have held on the one hand that such a power of sale, when general and unlimited and unrestricted, does not become inconsistent with the devise of a vested estate in the same property (*Crittenden* v. *Fairchild,* 41 N. Y. 289; *Kinnier* v. *Rogers,* 42 id. 531; *Skinner* v. *Quin,* 43 id. 99), and on the other hand that where the power is in terms restricted and limited in point of time to the continuance of the respective trusts, the ending of the trust ends also the power. (*Bruner* v. *Meigs,* 64 N. Y. 506.) It would be difficult to frame a power of sale more broad and unrestricted than the one before us."

In the Hutkoff will before us the power of sale was not limited

in point of time to the continuance of the trust, but was general and unrestricted. In the earlier case of *Bruner* v. *Meigs* (64 N. Y. 506), cited in the opinion of the Court of Appeals in *Cussack* v. *Tweedy* (*supra*), the Court of Appeals said: "The power of the defendants, as executors and trustees under the will, to sell, is in terms restricted and limited in point of time to the continuance of the respective trusts, and in respect to property to such as is held by them in trust."

In *Van Cott* v. *Van Cott* (*supra*) the Appellate Division said (at p. 699): "The second question raised is whether title to the real estate in question is in the trustee or whether such title terminated at the death of the life tenant, and all that remained in the trustee was a power of sale, which might be terminated by the beneficiaries through joint action. We deem the second contention the correct one. During the lifetime of the life tenant the legal title to the fee was in the trustee, which was authorized under the will during that period to collect and receive the rents and income thereof. After the death of the life tenant no further power was granted to the trustee to collect the rents, but it was simply given a power to sell. All that the trustee then had, therefore, was a power, and the real estate passed to the devisees of the testator subject to the execution of the power. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], §§ 96, 97.)"

In Fiero on Particular Actions and Proceedings (4th ed., Cyclopedic Arrangement, vol. 3, p. 2577) it is said, with reference to property subject to power of sale: " It is clear that the mere fact that there is an unexercised discretionary power of sale attached to the real estate, does not bar an action for its partition. *The action may be defeated by the exercise of the power, but until the happening of that event, the action can continue.* The probability or improbability that the power will be exercised does not affect the question." (Italics are the writer's.)

We are, therefore, of the opinion that the plaintiffs, by their deed as executors and trustees of the estate of said decedent, can convey to the defendant a marketable title of the premises in question, and that, pursuant to the submission of controversy, judgment should be entered herein adjudging that title to said premises shall be closed pursuant to such contract as of the date when such judgment is rendered, without costs to either party as against the other.

Clarke, P. J., Finch, Martin and Burr, JJ., concur.

Judgment directed as indicated in opinion. Settle order on notice.