Frank P. Di Raffaele and Another, Appellants, v. Albert Gerkhardt, Respondent.   (Appeal No. 1.)

First Department, June 4, 1926.

**Compromise and settlement — motion to set aside settlement made in court and to restore case to calendar — part of settlement included payment by defendant of bill to third person for unnamed amount — dispute between defendant and third person not ground for setting aside settlement.**

The settlement of two actions which was made in open court and which included as a part thereof the payment by the defendant of a bill to a third person for an unnamed amount will not be set aside on the ground that said bill when presented was for an amount larger than that anticipated by the defendant, and that he was sued thereon by said third person to recover the larger amount.

Appeal by the plaintiffs, Frank P. Di Raffaele and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 5th day of November, 1925, setting aside the settlement and restoring the case to the calendar.

*John B. Coppola,* for the appellants.

*Maurice B. Rich,* for the respondent.

Dowling, J.   Plaintiffs brought two actions against the defendant in the Supreme Court, Bronx county, one to reform a contract and the other to foreclose a mechanic's lien.   These actions came on to be tried on or about the 19th day of June, 1924.   While the trial was proceeding, on the suggestion of the justice presiding at Trial Term, a settlement was entered into whereby it was agreed that the plaintiffs should discontinue both actions for the sum of $1,050, and upon the further consideration that the defendant agreed to pay the bill for bricks then due to the Anderson Brick and Supply Company.   The amount of such bill was not specified in the settlement, though defendant says he believes it amounted to $1,190, but plaintiffs' attorney claimed it was more than that sum.   Plaintiffs claimed to have paid $500 on account of the bill.   Defendant claims this settlement was effected without the presence of counsel, the court having called him to the bench without his attorney, and sets forth his own inexperience as a litigant, but it should be noted that his attorney carried through the settlement by the payment to plaintiffs of $1,050.   At the same time defendant's attorney under date of June 19, 1924, wrote to plaintiffs' attorney as follows:

" MAURICE B. RICH, *June 19th,* 1924.
  " Counselor at law,
      " 66 Broadway,
          " N. Y. C.:

"*Di Raffaele* v. *Gerkhardt* (2 cases)

" The settlement of the above cases was brought about before the Court with the understanding that the defendant, Albert Gerkhardt, agreed to pay the balance of the bill for brick delivered on the Bryant Avenue job, owing to the Anderson Brick & Supply Company. It was represented by Mr. Santoro, one of the plaintiffs, that he paid the sum of $500 on account of the said bill.

" MAURICE B. RICH."

It will be noted that in this letter no mention is made of the amount of the Anderson Company's bill, lending confirmation to the affidavit of plaintiffs' attorney that he insisted that the defendant's attorney should not incorporate the amount of the bill in their letter, as the former believed that the bill was larger than $1,190.

As a matter of fact, when defendant attempted to pay the bill by sending a check for $690 (being the $1,190 less $500 concededly paid on account by plaintiffs), it was returned with notice that their claim was $775, representing $715 balance due on the bill, and $60 for lawyers' fees and interest. Thereupon the defendant refused to pay said sum and the Anderson Company brought suit against him therefor.

All this affords no valid reason for setting aside an agreement of settlement made between the parties in open court. Defendant agreed to pay plaintiffs in settlement of both suits then being tried, the sum of $1,050 and also to pay the bill of the Anderson Company in an unnamed amount, on which plaintiffs represented they had paid $500 on account, which was true. The fact that a dispute arose between defendant and the Anderson Company over a difference of $85, affords no reason for setting aside an agreement of compromise made in the most solemn manner possible.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to set aside the stipulation of settlement denied, with ten dollars costs.

CLARKE, P. J., FINCH, MARTIN and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.