Frank P. Di Raffaele and Another, Appellants, v. Albert Gerkhardt, Respondent.   (Appeal No. 2.)

First Department, June 4, 1926.

Contempt — settlement of actions set aside — plaintiffs were directed to hold amount paid by defendant and on dismissal of complaint were directed to pay amount to defendant — plaintiffs failed to comply with direction — order setting aside settlement has been reversed — contempt not shown.

The plaintiffs are not in contempt for failing to pay the defendant an amount which an order setting aside the settlement of two actions in court directed them to hold and which they were directed to pay over to the defendant on the subsequent dismissal of their complaints, since the order setting aside the settlement has been reversed and, therefore, there is no ground on which to charge the plaintiffs with contempt.

Appeal by the plaintiffs, Frank P. Di Raffaele and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 10th day of March, 1926, adjudging each of the plaintiffs guilty of contempt.

*John B. Coppola,* for the appellants.

*Maurice B. Rich,* for the respondent.

Dowling, J.  The disposition of this appeal must follow that in the accompanying appeal from the order setting aside the agreement of settlement.  (*Di Raffaele* v. *Gerkhardt, No. 1,* 217 App. Div. 185.)  By that order plaintiffs were required to hold the sum of $1,000 already paid to them in trust, subject to the further order of the court.  When a subsequent trial was had of the actions between the parties (which had already been settled) the complaints were dismissed and plaintiffs were directed to pay back the money already paid to them (in reality $1,050, not $1,000 as the original order stated) and upon their failure so to do were adjudged in contempt of court.

As we have reached the conclusion that the agreement of settlement was improperly vacated, the subsequent trial and the judgment entered therein were improperly had and entered, and the order adjudging the plaintiffs in contempt was without legal or valid basis and should be reversed.

The order appealed from should, therefore, be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

Clarke, P. J., Finch, Martin and Wagner, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.