In the Matter of the Estate of FLORA I. COLLINS, Deceased.

Surrogate's Court, New York County, February 6, 1942.

*Stewart & Shearer*, for the United States Trust Company of New York, and *Stephen W. Collins*, for Minturn Post Collins, as executors, etc., petitioners.

*Charles Glogower*, for Minturn Post Collins, individually, respondent.

*Walter L. Post*, for Julia Helena Collins, Minturn Post Collins, Jr., and William Bradley Isham Collins, respondents.

FOLEY, S. In this accounting proceeding certain issues have been raised by the instructions requested in the petition and by the objections filed to the account.

The principal dispute arises over the claim of Minturn Post Collins, the life tenant of the residuary trust, to the payment to him of the carrying charges of alleged unproductive real property. The property was a country estate used as a summer residence and located at Bar Harbor, Me. It was specifically included by the testatrix in her will as an asset of the residuary trust. Mr. Collins was the husband of the testatrix. He is a coexecutor of the estate. He contends that the application of the rule of apportionment restated in *Matter of Rowland* (273 N. Y. 100) must be applied under the terms of the will.

It is undisputed that the real property was unrented from the date of the death of the testatrix, in 1934, to the time of its practical abandonment in 1939. The carrying charges averaged $3,200 a year. The equity in the property was apparently of little value as there was a mortgage of $20,000 upon it at the date of the death of the testatrix. In 1940 the property was taken over by the mort-

gagee by a deed executed by the executors in lieu of foreclosure. The consideration for the conveyance was nominal.

If the question of the construction of the will had been the exclusive one, the surrogate would hold that the terms of the will did not justify the payment of the carrying charges out of principal. As previously stated, the testatrix herself described the property as an asset of the trust. She referred to it as " my summer residence." It was the only real property left by her. It is significant that in the directions to pay the income to her husband as life tenant she used the phrase " including the income of my said real estate, *if any,* * * *." (Italics mine.)

The value of the equity in the property was negligible when compared to the other assets of the trust. But the question of construction becomes unimportant in the light of the conduct of the life tenant in his capacity as coexecutor in the administration of the estate. For a period of four years he participated in the payment of the taxes, interest and other carrying charges of the property out of the gross income of his trust. He had the independent advice of his brother, an attorney of long experience. He was represented by him during the entire period of administration and in the present accounting proceeding.

The coexecutor testified that he had never made any objection to the method adopted by the executors of paying the carrying charges out of income and not out of principal. His present attempt to change the method of administration and the practical construction of the will by seeking reimbursement out of principal is plainly a belated afterthought.

His reasons for not asserting an earlier claim are clearly revealed in the evidence. He was improvident in his financial affairs. His children, who were the remaindermen of the trust, made substantial contributions to relieve him of his financial embarrassments. They paid the sum of $2,200 into this estate for a debt owed by the life tenant to the testatrix. They contributed to his maintenance and support. He was the maker of a note which accompanied the mortgage of $20,000 on the Bar Harbor property. At the time of its conveyance they contributed the sum of $2,500 to secure his discharge from any liability under his indebtedness. They set up for him a trust fund in the sum of $80,000, the income of which is payable to him for his life. The trust agreement clearly contemplated and confirmed the payment of the carrying charges out of income rather than out of principal. For at least two of the years for which he now seeks reimbursement for carrying charges he enjoyed the use and occupation of the property during the summer season.

The surrogate, therefore, holds that the life tenant is barred from obtaining the amount of his claim by his own conduct and his active participation in paying the carrying charges out of income. He is estopped to question his own acts. (*Matter of Garvin*, 256 N. Y. 518; *Thorn* v. *De Breteuil*, 179 id. 64; *Matter of Alter*, 177 Misc. 509, 512; *Matter of Sielcken*, 162 id. 54; *Matter of Seidenberg*, N. Y. L. J. Nov. 14, 1934, p. 1791.)

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit decree on notice settling the account accordingly.