In the Matter of the Construction of the Will of MARY E. JONES, Deceased. THEODORE B. KLAPPER, as Sole Surviving Trustee under the Will of MARY E. JONES, Deceased, et al., Respondents; ROSALIE G. JONES, Appellant.— Proceeding in the Surrogate's Court, Nassau County, to construe a will. The will created a trust which was to continue during the lives of two named persons, one of whom died prior to June 12, 1952, and the other of whom died on that day. The Surrogate held that petitioner, in his capacity as sole surviving trustee of the trust created by paragraph "Fifteenth" of the will and his capacity as administrator with the will annexed of the said will, or in either or both of such capacities, had, upon the termination of said trust, and continues to have the power to exercise the powers of sale in said will with respect to all realty constituting the corpus of said trust at the time of the termination of said trust. Decree affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Nolan, P. J., Carswell and Wenzel, JJ., concur; Adel and Schmidt, JJ., dissent and vote to reverse the decree and to remit the proceeding to the Surrogate's Court, Nassau County, for the entry of a decree not inconsistent with the following memorandum: The trust here under consideration is created by the "Fifteenth" paragraph of the decedent's will and that paragraph contains the power of sale which applies to the trust. That power of sale is as follows: "And I hereby give and grant to my said Executors full power and authority, at any time, to sell, mortgage or lease any or all of the said premises, as in their discretion may seem best, and I further give and grant to my said executors full power to deal with the said premises in any manner or way as in their discretion may seem best, with the same powers that I might have if I were living. If any or all of the aforesaid premises are sold by my Executors, under the power of sale herein granted to them, I direct that the proceeds of such sale must be administered upon the same uses and trusts as the real property herein given in trust." The last sentence contained in that paragraph clearly says that if any or all of the trust premises are sold the proceeds of such sale *must* be administered upon the same uses and trusts as the real property. When the trust estate vested in the beneficiaries that provision could not be carried out. This power of sale is not the unlimited, general and unrestricted power of sale of realty to which cases such as *Matter of McLaughlin* (275 App. Div. 652), *Cussack* v. *Tweedy* (126 N. Y. 81) and *Hutkoff* v. *Winmar Realty Co.* (211 App. Div. 726) refer. This leads to the conclusion that the decedent, whose intention with respect to this trust must be found in the "Fifteenth" paragraph of her will, intended that the trust should terminate on the death of the persons by whose lives the trust was measured, subject only to the duty of the trustee to account.