■ ANNIE HEGEMAN et al., Appellants, v. A. ALFRED CONRAD, Respondent.— Appeal from an order insofar as it dismisses, for insufficiency, the first cause of action alleged in the amended complaint, whereby appellants, former clients of respondent, an attorney, seek to set aside a stipulation settling a prior action, the findings of fact, the conclusions of law and the judgment entered thereon. Order modified by adding the words "with leave to plead over" after the word "dismissed" in the first ordering paragraph. As so modified, order insofar as appealed from unanimously affirmed, without costs, with leave to appellants, if so advised, to serve a further amended complaint within ten days after the entry of the order hereon. The stipulation settling the prior action terminated that litigation and brought into being a new contract. (*Hegeman* v. *Conrad*, 284 App. Div. 969.) That stipulation may not be set aside except for reasons that would invalidate a contract, such as fraud or overreaching. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435.) Such allegations with respect to the contract of settlement are absent from the amended complaint. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ In the Matter of WADE FRENCH et al., Respondents, against INCORPORATED VILLAGE OF NORTH HAVEN et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review the determination of respondent board of trustees granting an application for construction of a building within which to conduct a nonconforming use, the appeal is from an order annulling that determination and canceling a building permit made in accordance therewith. Order unanimously affirmed, with $10 costs and disbursements. The ordinance affirmatively provides that no building shall be erected or altered for other than a conforming use and that a nonconforming use shall not be changed unless changed to a conforming use. It was a violation of the ordinance, therefore, to grant the application. Appellants Payne had a vested right to continue the use as it existed at the time of the enactment of the ordinance but had no right to any added construction for such purpose. (*Matter of Chandler* v. *Corbett*, 274 App. Div. 1073; *Green* v. *Board of Comrs. of Newark*, 131 N. J. L. 336.) Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of ISIDORE STEINHAUS, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Proceeding to review an order of the State Rent Administrator which revoked prior approvals of increases of rent. After hearings, the administrator found that the tenant's signature to a form consenting to an increase of rent because of increased services and to a lease instrument were affixed at a time when the blanks in the instruments were not filled in and that the import of the instruments was not made known to the tenant, who cannot read. The administrator concluded that the instruments, with the blanks subsequently filled in, did not constitute a consent and a lease within the meaning of subdivisions 1 and 2 of section 33 of the State Rent and Eviction Regulations. The landlord appeals from the order dismissing the proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.