Isidor Wasservogel, Spec. Ref.
Plaintiff seeks to set aside a release, stipulation of discontinuance and settlement on the grounds of mistake of fact, lack of mutuality of consent, and misrepresentation.
On November 7,1952, plaintiff and one Clarence Lagumis were riding in an automobile owned by plaintiff. At a railroad crossing in Suffolk County, New York, the car was struck by or ran into a Long Island Rail Road Company train. The car was completely demolished, Lagumis was killed and plaintiff severely and permanently injured. As a result, plaintiff was hospitalized for several months, and has been left with an apparent incurable brain injury.
Shortly after plaintiff’s release from the hospital, a Coroner’s inquest determined that at the time of the accident, plaintiff’s car was being driven by the deceased Lagumis, while plaintiff was a' passenger. Thereafter, plaintiff instituted an action against the estate of Lagumis and the Long Island Rail Road Company. Similarly, Lagumis’ widow started an action against plaintiff. Both of these actions were in the Supreme Court, Suffolk County, and in each of them, the plaintiff therein alleged that the individual defendant (Lagumis in one and Stewart in the other action) was driving the car when the accident occurred. In these two actions, Stewart was represented by an experienced attorney, who retained as trial counsel, a former District Attorney of Suffolk County, n'ow a Justice of the County Court of Suffolk County. The two Supreme Court actions were consolidated for trial and came on for a pretrial hearing before Mr. Justice L. Barron Hill. As a result of pretrial conferences, the consolidated action was settled in open court before Judge Hill *884 by the payment of $10,000 to Lagumis ’ widow, and $2,000 to plaintiff in this action. The usual stipulations of discontinuance and g'eneral releases were executed in addition to having the terms of the settlement and consents of the parties taken down in a stenographic record by an official court reporter in open court.
Subsequently, some time in 1956, plaintiff commenced the instant action, to cancel the general release and stipulation of discontinuance and to restore his action against Lagumis’ estate to the calendar of the Supreme Court, Suffolk County. This action came on for trial before me in the early part of January, 1959. Inasmuch as necessary witnesses were spread throughout the States of New York, New Jersey and Connecticut, which rendered their production and appearance here difficult, it was necessary for the court to grant frequent and lengthy adjournments of the trial, which thereafter continued intermittently before me during 1959 and part of 1960.
Although it is difficult to determine from the complaint the exact nature of this action, it appears that the principal issue here involved is whether plaintiff understood what was going on when his original action against Lagumis’ estate was settled and whether he then had a sufficient command of the English language to comprehend the nature of the documents he executed which terminated this action upon his receipt of $2,000. I am constrained to hold that despite plaintiff’s serious injuries, which have left him permanently disabled, he has failed to prove or to show any reason why the settlement, release or discontinuance here involved should be disturbed or set aside. Nothing in the record warrants the conclusion that plaintiff’s physical or mental capacities were so impaired at the time of the settlement in question that he was unable to understand the nature .of the proceedings or the documents which he was called upon to sign. As above noted, plaintiff was represented at all times by able and conscientious attorneys and was fully protected by an impartial Justice in open court at the time of the settlement.
It is fundamental that an agreement and settlement reached in open court, with the co-operation and assistance of counsel and the court itself, is one which is made in the most solemn and binding manner possible. Such disposition of a case should not be disturbed in the absence of the most extraordinary and compelling reasons (Langlois v. Langlois, 7 A D 2d 779, 780; see, also, Pimpinello v. Swift & Co., 253 N. Y. 159,162; Di Raffaele v. Gerkhardt, 217 App. Div. 185).
Upon the evidence before me, I have reached the conclusion that the release,' stipulation of discontinuance and settlement *885 were fully understood by plaintiff, properly entered into, and binding’ on all parties.
Judgment, accordingly, is rendered in favor of defendants dismissing the complaint upon the merits.
No costs are awarded. Submit decree within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.