■ BANKERS TRUST COMPANY, Appellant, v MAIDMORE REALTY CO., INC., et al., Respondents. Order, Supreme Court, New York County, entered July 23, 1976, granting plaintiff's motion for an order directing entry of default judgment against defendants unless defendants serve a verified answer within 20 days after service of a copy of said order with notice of entry, unanimously modified, on the law, to the extent of deleting the condition so as to grant plaintiff's motion unconditionally, and as so modified, affirmed, without costs and without disbursements. This action to recover on promissory notes of defendants Maidmore Realty Co., Inc., and Irving Maidman and on the guarantees of defendants Irving and Edith Maidman was commenced on or about March 10, 1975 as to Maidmore and Irving and on or about April 2, 1975 as to Edith. On May 28, 1975, defendants moved to dismiss the complaint alleging lack of jurisdiction. Special Term, by order entered September 8, 1975, sustained jurisdiction over Irving, but referred the issue of jurisdiction over Maidmore and Edith to a referee to hear and report. The hearing was delayed, defendants having obtained new counsel. A written stipulation dated April 13, 1976 was entered into by the parties and approved by the referee wherein defendants admitted jurisdiction and acknowledged as follows: "Due to the already excessive delay which has occurred * * * it is expressly agreed that in the event an answer * * * has * * * not been interposed * * * at the end of the thirtieth day from the

date of this agreement, plaintiff shall have the right to enter default judgment". No answer was served within the 30-day period provided by the stipulation or within one month thereafter. Then defendants attempted to serve an unverified answer, although the complaint is verified. The answer was rejected and plaintiff moved to enter default judgment on the first four of its five causes of action which are for sums certain. Despite the submission by plaintiff of a detailed demonstration of the dilatory tactics of defendants and a lengthy analysis of the claimed lack of merit to the proposed unverified answer, defendants submitted a most brief affirmation by their counsel in which the delay was justified as follows: "I informed the attorneys for the bank that the answer would be submitted within the stipulated period or a week or two later since the defendant Irving Maidman was then not in New York. They agreed to wait". It strains credulity to believe that plaintiff would orally agree to a further extension in view of the history of delay and the terms of the written stipulation. Indeed, plaintiff most strenuously denies entering into such oral agreement. Even assuming Irving Maidman was not in New York, no reason was given as to why an answer could not have been submitted on behalf of the other defendants. Further, it appears that defendants attempted to serve the proposed answer on June 11, 1976, which is even beyond the time defense counsel claims plaintiff's counsel orally agreed to accept service. There is no showing by defendants that the written stipulation dated April 13, 1976 was entered into inadvisedly or that it would be inequitable to hold them to it. Indeed, under the circumstances herein, there was a failure to present a reasonable excuse for the delay and to show the merit of the defense. It was an improvident exercise of discretion for Special Term to afford defendants a further opportunity to serve an answer without the defendants demonstrating that they were entitled to such consideration. Note is also taken of CPLR 2104 entitled "Stipulations", which provides that "(a)n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." Concur—Lupiano, J. P., Birns, Silverman, Lane and Markewich, JJ.