# (February 16, 1978)

■ PAUL A. FINO, Appellant, v NYM CORPORATION et al., Respondents.— Appeal from order, Supreme Court, Bronx County, entered on July 21, 1976, unanimously dismissed, without costs and without disbursements. Order, Supreme Court, Bronx County, entered on September 15, 1976, unanimously affirmed, without costs and without disbursements (see *Rinaldi v Holt Rinehart & Winston,* 42 NY2d 369, cert den 434 US 969). No opinion. Concur—Murphy, P. J., Silverman, Evans and Lane, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Project Known as Two Bridges Urban Renewal, in the Borough of Manhattan. R.E.R. REALTY CORPORATION, Appellant.—Decree, Supreme Court, New York County, entered on July 3, 1973, unanimously affirmed for the reasons stated by Chimera, J. at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Silverman, Evans and Lane, JJ.

■ JACK WERNER, Appellant, v DONALD F. CAWLEY, as Police Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered April 7, 1977, denying petitioner's motion and dismissing his application to annul the determination of respondent police commissioner, unanimously affirmed, with $60 costs and with disbursements payable to respondents by petitioner. Whatever may have happened theretofore, the dispositive stipulation entered into in circumstances completely free of any coercive factor, is controlling. Having received substantial benefits resulting from the stipulated settlement, petitioner is estopped from questioning its result. Concur—Murphy, P. J., Silverman, Evans, Fein and Markewich, JJ.