OPINION OF THE COURT
Anne E. Targum, J.
This holdover proceeding was brought by two owners of real property conveyed to them by deed pursuant to an irrevocable inter vivas trust obligating them to sell the real property and upon the death of the life tenant to distribute all trust assets equally among five remaindermen who are the children of the life tenant settlor of the trust. Petitioners Ralph and Mario Cerbone and respondent Eugene Cerbone are three of the remaindermen. Petitioners seek to evict respondents from a one-family dwelling which is one of the trust properties. Respondents did not file an answer and proceed to trial but instead entered into protracted settlement negotiations on various adjourned dates. On July 1, 1977, during this negotiation period, the life tenant died. On July 26, 1977, a written stipulation of settlement was executed by the parties and their attorneys, and pursuant thereto the proceeding was settled and discontinued.
The parties agreed in the stipulation that respondents pay petitioners use and occupancy of $250 per month; that petitioners have a final judgment of possession with a stay of the warrant of eviction to three months after dismissal or discontinuance of an appeal of a Supreme Court decision which had dismissed an action to rescind the trust agreement; and, that petitioners can place the sale of the real property for showing immediately after dismissal or discontinuance of the appeal. The appeal was resolved on June 8, 1978, when the Appellate Division affirmed the Supreme Court dismissal of respondents’ action to rescind the trust. (Cerbone v Cerbone, 63 AD2d 1122.) No further appeal was taken.
Petitioners now move for a final judgment. Respondents cross-move to dismiss the petition, claiming that this court lacked subject matter jurisdiction and that the settlement stipulation is not binding because upon the death of the life tenant the trust terminated and the interests of the five remaindermen (including respondents’) vested in the trust properties.
*474 Very recently, the Bronx County Surrogate upheld the continuing validity of this very trust, ruling that a condemnation award (for other trust reality) belongs to this trust and not to the estate of the settlor. (Matter of Cerbone, NYLJ, March 26, 1979, p 39, col 4.) It is thus manifest that any vesting in the remaindermen upon the death of the life tenant did not take away from the trustees the right or the duty to acquire additions to the trust, or sell and distribute trust assets, or do all that is necessary to wind up the trust before relinquishing control of the trust property. (Matter of Jones, 306 NY 197; Matter of Miller, 257 NY 349; Matter of Thomas, 254 NY 292; Bolten v Wemett, 3 AD2d 708; Neary v City Bank Farmers Trust Co., 260 App Div 791.) Upon such vesting, the remaindermen were not entitled to á distribution in kind, which is valid only if all remaindermeri consent (Matter of Kurrus, 42 Misc 2d 832; 61 NY Jur, Trusts, § 535). It is clear that the settlor intended distribution of the trust assets to be made after the sale of the real property, and that the general and unlimited power of sale was ¡to continue unaffected by any vesting. Such a trust disposition is widely utilized to obviate the cost, delay and discord which would otherwise flow from partition actions. (Matter of Jones, supra; Hutkoff v Winmar Realty Co., 211 App Div 726; Matter of McLaughlin, 275 App Div 652; Matter of Alster, 139 NYS2d 78; 61 NY Jur, Trusts, § 531.) Besides, respondent Eugene Cerbone consented to the trustees continuing to act in their official capacity when he agreed in the stipulation that the trustees "can place the sale of the premises with a broker for showing immediately after dismissal of the appeal.” (Miller v Peck, 226 App Div 713.)
At no time has this court! lacked subject matter jurisdiction. Subject matter means this kind of case. Where, as here, the Civil Court has jurisdiction of the subject matter of the proceeding, and jurisdiction of the persons of respondents has been obtained as provided by law, the proceeding is not jurisdictionally defective. (Hunt v Hunt, 72 NY 217; Matter of Rougeron, 17 NY2d 264; Jackson v New York City Housing Auth., 88 Misc 2d 121; McClelland v Robinson, 94 Misc 2d 312, 314; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.10.) Subject matter jurisdiction "is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under the general question.” (Hunt v Hunt, supra, p 229.) Furthermore, this court was not divested of subject matter jurisdiction upon the death of the *475 mother. Respondent Eugene Cerbone was well aware of his mother’s death when he entered into the stipulation. This is the kind of bad faith allegation which the Court of Appeals pointedly condemned in Matter of Rougeron (supra, at p 271).
Stipulations of settlement will not be set aside in the absence of fraud, collusion, mistake, accident or lack of authority — none of which are even alleged here. (Matter of Galasso, 35 NY2d 319; Matter of Dolgin Eldert Corp., 31 NY2d 1, 10; Hallock v State of New York, 58 AD2d 67; Matter of Hecht, 24 AD2d 1001; Thompson Med. Co. v Benjamin Pharms., 4 AD2d 504; Hegeman v Conrad, 1 AD2d 788; Campbell v Bussing, 274 App Div 893; Stewart v Travelers Ind. Co., 27 Misc 2d 883.) "Parties by their stipulations may in many ways make the law for [their] legal proceeding * * * which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights” (Matter of New York, L. & W. R. R. Co., 98 NY 447, 453), and, "may to a large extent chart their own procedural course through the courts” (Stevenson v News Syndicate Co., 302 NY 81, 87).
A contract of settlement, if valid in itself, is final and is to be sustained without regard to the validity of the original claim. (Smith v Glen’s Falls Ins. Co., 62 NY 85; Sears v Grand Lodge A. O. U. W., 163 NY 374.) When the original controversy here was marked settled and discontinued as a consequence of the stipulation, it was as if this summary proceeding had never been begun. The settlement and termination of this litigation "mark[ed] a fresh start by the [parties] from a new coign of vantage”. There was an exchange of equivalents. The old course of action was terminated. A new liability was substituted for. This court need not defend the new course of action. Enough to say it superseded the old. (Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 444, 446.) Besides, a separate action is needed to vacate a stipulation which has been reached (as here) only after prolonged negotiation between all of the parties, each of whom had been represented by counsel. (Covert v Covert, 50 AD2d 622.)
This court should not lend its aid to a party who has obtained an advantage by invoking the jurisdiction of the court and who then repudiates that jurisdiction when it suits his convenience. (Rothschild v Title Guar. & Trust Co., 204 NY 458, 464; McLear v McLear, 265 App Div 556, 561, affd 291 NY 809; Senor v Senor, 272 App Div 306, affd 297 NY 800; *476 Matter of Adelman v Applefield, 22 Misc 2d 95, 98.) Having received substantial benefit frcJm the stipulation of settlement, respondent Eugene Cerbone should be estopped from questioning its result (Werner v Cawley, 61 AD2d 758; Matter of New York City Housing Auth. v Gantt, 57 Misc 2d 447), or his own acts (Matter of Collins, 178 Misc 521, 523); from claiming the benefits of a part of the agreement and repudiating the rest (Matter of New York, L. & W. R. R. Co., supra, p 454); from misleading the other parties (People v Stephens, 52 NY 306, 310); and, from retracting the stipulation of settlement and taking advantage of the forbearance of his adversaries thereby induced. (Mutual Life Ins. Co. of N. Y. v O’Donnell, 146 NY 275, 280.) Besides, there has been no showing that it would be inequitable to hold respondents to this stipulation of settlement. (Bankers Trust Co. v Maidmore Realty Co., 57 AD2d 793.) After all, as a remainderman, respondent Eugene Cerbone will receive his one-fifth share of all trust property in the final distribution.
Respondents have waited some 21 months to bring this motion to attack the settlement stipulation. During all of this time, respondent Eugene Cerbone has failed to carry out any of the promises he made in the stipulation agreement. Besides his failure to pay any of the sums he had promised to pay for his use and occupancy of the premises, his continued presence in the one-family dwelling must be regarded as a major obstacle to the sale of the real property. Who would purchase a one-family dwelling if vacant possession could not be delivered? The promises which he made and violated with impunity gained him advantages and prejudiced his adversaries. Additionally, they were relied upon by this court when it marked this proceeding settled and discontinued two years ago. Respondents’ motion, in addition to other shortcomings, clearly suffers from loches. (New York City Housing Auth. v Gantt, supra; New York City Hqusing Auth. v Parker, 11 Misc 2d 904.) Respondents’ motion iá denied. Petitioners’ motion is granted. Settle judgment for possession with a stay of 30 days.