In the Matter of the Application of HELEN BROWNE, Petitioner, against JOHN L. RICE, as Commissioner of Health of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, May 2, 1939.

*Helen Browne,* in person.

*William C. Chanler, Corporation Counsel,* for the respondent.

RIEGELMANN, J.  The Department of Health heretofore seized and now holds for destruction a certain male Spitz dog belonging to petitioner.  The alleged basis upon which the seizure was made, and its destruction is contemplated, is that the animal is of " vicious " character  having bitten various persons upon three different occasions.  Pursuant to subdivision 4 of section 10 of the Sanitary Code  if a dog is " vicious to such an extent as to be unsafe to be at large, it shall be destroyed by said department."  It shall be deemed " vicious " according to a further provision of the ordinance  if it " has bitten a person or various persons on three separate occasions, with or without provocation  real or imaginary."  Thus unless a dog is suffering from rabies, in which event other provisions apply, the ordinance permits it to indulge in three bites before characterizing it as " vicious " and therefore subject to mandatory destruction.  It appears that subsequent to the dog's seizure, the owner served a certified copy of a certiorari order on the respondent for the purpose of procuring a so-called review of the latter's determination to destroy the dog.

Contending that respondent has failed to make due return, the owner now moves for an order compelling respondent to surrender the dog to her. Petitioner, who has appeared herein without benefit of counsel, apparently fails to appreciate that pursuant to the statutory scheme now contained in article 78 of the Civil Practice Act the former procedure relating to orders of certiorari has been superseded. Even under the former practice, however, there was no basis under circumstances similar to those here disclosed for a review by order of certiorari. The action taken by the respondent was of a mere administrative or ministerial character, and was not predicated upon a judicial or quasi-judicial determination. Hence the impropriety of a review by certiorari. (See *Matter of Kandel* v. *Greene,* 236 App. Div. 607; *Matter of Neddo* v. *Schrade,* 270 N. Y. 97.) Petitioner contends that the determination herein complained of was reached after the holding of " a hearing " with respect to the issues involved. Apparently that which petitioner characterizes as a " hearing " was merely in the nature of an interview. It cannot be referred to, in a legal sense, as a " hearing " since section 10 of the Sanitary Code does not require that a hearing be given to the owner of a " vicious " dog prior to the ultimate determination as to whether it is to be destroyed or returned to the owner.

In view of the fact, however, that the respondent has submitted affidavits which are directed to the merits of the matter, I think that technical procedural niceties should not, under all the circumstances here involved, operate to preclude an ultimate judicial determination. Consequently, I shall consider whether under the presently applicable provisions of article 78 of the Civil Practice Act petitioner is entitled to an order affording her affirmative relief.

Petitioner substantially states in her affidavit, among other things, that she is a widow, living alone; that the children in her neighborhood are rather mischievous and come upon her property to take flowers, fruits, etc., and that they " poke sticks at the dogs through the fence and throw stones." It may be parenthetically stated at this point that the latter allegations, apparently offered for the purpose of establishing provocation, are immaterial since the language of the ordinance precludes a defense of that character. Petitioner insists that the present complaint against the dog in question is the second and not the third; that, therefore, the dog, admittedly not suffering from rabies, may not be characterized, within the statutory meaning, as " vicious to such extent as to be unsafe to be at large;" petitioner further urges that the dog is never allowed to " roam at large;" that at the time the dog allegedly

engaged in its third bite of a person, as a matter of fact it was locked up in petitioner's home and, therefore, unable to be guilty of the charge laid against it. She pleads, therefore, that her dog be given " one more chance " before the sentence of death is irrevocably executed.

The court appreciates the sincere love and affection which must have motivated the present application. If petitioner's dog, however, has acquired the habit of assailing people to the extent condemned in the ordinance, and thus has become a menace to human safety, even the fervency of the instant plea that it be spared for " one more chance " must needs be unavailing. The provisions of the ordinance prescribe the limitation of " viciousness " beyond which a dog may not transcend without just incrimination and consequent destruction by the authorities. It will be initially presumed that the respondent, charged with the proper performance of a public duty, has justifiably seized the dog for the purpose of terminating its existence in accordance with the mandate of the ordinance. For the purpose, however, upon the issues presented, of affording the petitioner an opportunity to establish the dog's innocence, this matter will be respectfully referred to an official referee forthwith to take proof of the facts and to report as to whether the dog has in fact bitten a person or persons on three separate occasions.