Schreiber, J.
The tenant’s family occupied a four and one-half room apartment in one of the landlord’s public housing projects in the borough of Manhattan, pursuant to a written lease which provides that the term is for one month, and further provides that the term shall be renewed automatically for terms of one month each unless terminated by either of the parties at the end of any monthly term, by the giving of one month’s prior notice in writing to the other.
The Authority determined that the tenancy of this tenant should be terminated for nondesirability. The procedure prescribed for the termination of a tenancy in the projects operated by this landlord is governed by New York City Housing Authority Besolutions Nos. 53-3-185, 53-6-417, and 53-6 — 418, duly adopted by the Authority and duly filed with the State Division of Housing as required by section 54 of the Public Housing Law, which were received in evidence. It is provided *171 under Resolution No. 53-3-185 that if the tenant’s conduct becomes objectionable and his continued occupancy nondesirable, the manager of the project makes a finding of ineligibility (Resolution, § 4.01, subd. [a]). Such finding was made and approved and made final by the Landlord’s Tenant Review Board. Then the tenant was served with a notice to vacate as authorized by the lease agreement, thus duly terminating his tenancy as of the end of the 31st day of March, 1954. When the tenant failed to vacate, these summary proceedings were brought against him. The trial was had on April 30, 1954. The court made a final order in favor of the tenant. The court held that the sole grounds for removal of the tenant were contained in paragraph 6 of the petition and that the landlord failed to give any testimony showing that the tenant had misconducted himself as alleged in that paragraph. The Trial Justice held that the ground specified in the petition was not that tenant was a holdover but that he was a nuisance.
Paragraph 6 of the petition recites the objectionable behavior of the tenant and paragraph 7 that the tenant has become ineligible for further occupancy in the premises. In paragraph 8 it is alleged that the Authority duly made a determination of the ineligibility of the tenant. In paragraph 9 it is alleged that the term expires and that tenant holds over. It is further alleged that service of the notice that the Authority elected to terminate was duly made.
It is clear that the Municipal Court ignored the grounds upon which this holdover proceeding was brought. The allegations of the petition above referred to merely show the reasons for the termination of the tenancy and compliance by the Authority with its regulations. It was unnecessary for the landlord to offer any testimony as to the objectionable behavior of the tenant to make out a prima facie case. The New York City Housing Authority is exempt from the State Residential Rent Law. When the landlord Authority terminated the lease in accordance with the authority vested in it by the laws of this State, the trial court had no authority to refuse to issue the final order in favor of the landlord.
The final order should be reversed, with $30 costs, and final order directed in favor of the landlord, with costs.