Per Curiam.

The dwelling unit here involved is located in a public housing project and is exempted from the provisions of the State Residential Rent Law (L. 1946, ch. 274, § 2, subd. 2, par. e; § 5, subd. 4, as amd.). Landlord appears to be vested with authority to terminate any tenancy in the project if the income of the tenant exceeds the maximum allowable by its regulations and resolutions. The propriety of its determination as to the ineligibility of the tenant herein for continued occupancy in the project, while reviewable in an article 78 proceeding in the Supreme Court, is not open to question in this summary proceeding to remove the tenant as a holdover. (See New York City Housing Auth. v. Greenbaum, 1 Misc. 2d 138, and New York City Housing Auth. v. Russ, 1 Misc 2d 170.) Consequently, it was not incumbent upon the landlord to offer any factual proof, as part of its affirmative case, to show that the income of the tenant was in excess of the permitted limits. *85 Landlord made out a prima facie case upon a showing that it had terminated the tenancy upon a ground for termination authorized by the statute or regulations under which the housing accommodations are administered (New York City Housing Auth. v. Greenbaum, supra; New York City Housing Auth. v. Russ, supra; New York City Housing Auth. v. Daly, 50 N. Y. S. 2d 444, motion for leave to appeal denied 263 App. Div. 835).
The final order should be unanimously reversed on the law and a new trial ordered, with $30 costs to landlord to abide the event.
Kleinfeld, Pette and Di Gtovaurta, JJ., concur.
Final order reversed, etc.