Maurice Wahl, J.
This summary proceeding and six others were brought hy the landlord herein to remove seven tenants from the premises at 118 Broome Street, New York County. The petition alleges that it is seeking to demolish the existing building and to erect in its place a structure required hy it for its immediate use.
The proceedings are based upon certificates of eviction issued by the State of New York Temporary Housing Bent Commission on September 19,1958.
These certificates upon which this consolidated proceeding is based were issued pursuant to section 59 of the State Bent and Eviction Begulations which permit a landlord to permanently withdraw occupied housing accommodations from the rental market upon establishing that landlord’s application is brought in good faith. Tenant Howard filed a protest with the State Bent Administrator on October 14, 1958, which protest was denied by order of the State Bent Administrator dated December 18,1958. By notice of motion dated January 12,1959, the tenant, Howard, commenced a proceeding in the Supreme Court of the State of New York, County of New York, pursuant to article 78 of the Civil Practice Act for an order annulling or, in the alternative, modifying the order of the State Bent Administrator. Said proceeding was heard on January 22,1959 and is now before the Supreme Court for decision. Since there *725 was no stay of the proceedings in this court, the rights of all of the tenants herein will be determined in these proceedings, tried together.
The tenants allege, in the proceeding before this court, that in each instance the copy of the petition with which they were served is defective and should be dismissed. In each instance, the copy of the petition served failed to have indorsed.upon it the name of an attorney, and appears to have been prepared by a corporate landlord. However, the original petitions filed in this court were properly indorsed and are prepared in accordance with the statute. The copies did have some inconsequential omissions.
The tenants advance a three-fold argument for dismissal of the petitions: (1) that the copies served upon the tenants are not exactly as the petitions filed in the court; (2) that the tenants may again litigate the question of good faith notwithstanding the issuance of certificates by the Rent Administrator pursuant to section 59 of the State Rent and Eviction Regulations; (3) that the tenants herein demand that the issues between the landlord and the tenants be determined by a rabbinical tribunal.
The court herein has concluded that contention “ (1) ” has been succinctly and pertinently answered by the Appellate Term in this department (Emray Realty Corp. v. Jackson, 12 Misc 2d 62), wherein it was held that summary proceedings were designed to create a ‘ ‘ simple, expeditious, and inexpensive means of regaining possession ” and that there is an emphatic trend “to disregard picayune objections which involve trivial errors ”.
The second contention is without merit since in 188-Sixth Ave. Corp. v. Bloom (70 N. Y. S. 2d 866) it was held that the certificate removes the question of good faith from litigation. The tenants have not raised any issue of fact or law pertinent to the jurisdiction of this court.
The third point is pointless. To permit a rabbinical tribunal or any other religious body to decide a matter pending in our courts is utterly inconsistent with our fundamental concept of our system of government. To recognize the existence of judicial autonomy by any racial, religious or ethnical group is abhorrent to our concept of juridical determination.
Any curiosity that this court may have in any decree by a council of sages must be subordinated to the principle that it is impermissible to grant such request. We live in a democracy with a republican form of government. Under our system of government, there are three co-ordinated branches wherein, as every school boy knows, the checks and balances are so arranged *726 that one branch of government may not interfere with the other. To lend further emphasis, the first amendment of the Constitution of the United States forbids Congress from enacting any law respecting the establishment of religion, and it has been declared that this amendment in reality provided for the separation of church and State. It is noteworthy that there has been a minimum of friction in this country between these entities because of the sedulous avoidance of any infringement of one upon the other. Therefore, to concede to any litigant the right to transfer his cause to a religious tribunal would be totally repugnant to our concept of democratic government.
There is, and there must be, only one judicial body in this State, and that is, our courts of law.
Final order for the landlord. Issuance of warrant stayed to February 28, 1959.