Frank S. Samansky, J.
This is a holdover proceeding instituted by the landlord against the tenant for possession of the demised premises. The landlord’s predecessor in title and the tenant herein entered into a lease of an apartment in a two-family house, commencing August 1, 1956 and ending July 31, 1959. The lease, landlord’s Exhibit 1, provided among other things in section 15 thereof as follows: “ So long as the tenant shall perform all the covenants and agreements herein contained and shall not be in default herein, the tenant shall have the option upon the expiration of this lease to remain as tenant for an additional period of two years, upon the same terms and conditions herein contained, providing tenant notifies the landlord in writing at least one month before the expiration of the terms of this lease of his intentions to exercise this option. ”
The following facts are conceded, and on November 10, 1959 were submitted upon stipulation to the court for its determination, the jury having been waived. That on June 5, 1959 the tenant, by his attorney, advised the landlord by letter, marked landlord’s Exhibit 2, as follows:
Mrs. Dorothy Adelman, 2618 Avenue X, Brooklyn, New York.
Re: 2nd Fir. Apt. and Garage Premises 2618 Avenue X, . Brooklyn, N. Y.
Dear Madam:
Please be advised that Mr. Arnold Applefield, the Tenant of the second floor apartment and garage at 2618 Avenue X, Brooklyn, N. Y., pursuant to the terms of a lease dated June 12th, 1959, between HARRY SLUTZKY, as landlord, and ARNOLD APPLEFIELD, as Tenant, does hereby elect to remain as a Tenant for an additional period of two (2) years upon the same terms and conditions of the said lease.
Please be further advised that demand is hereby made upon you to paint the entire apartment within thirty (30) days after the receipt of this letter by you in accordance with Paragraph “ 17th ” of the aforementioned lease.
Very truly yours,
Stephen S. Sait?;.
SSS/ga
Reg. Mail
RRR
*97 On June 29, 1959 the landlord, by letter from her attorney, marked tenant’s Exhibit A, in reply to the letter of June 5, 1959, wrote to the attorney for the tenant as follows:
Stephen S. Saltz, Esq., 26 Court Street, Brooklyn, New York.
Re: 2618 Avenue X, Brooklyn, N. Y.
Dear Mr. Saltz:
I have your letter dated June 5th, 1959 addressed to my client.
In connection therewith, my client informs me that arrangements will be nade to have Mr. Arnold Applefield’s apartment painted in early August. I trust this meets with your approval.
May I respectfully request that you instruct your client that in using the garage, not to park her car in the driveway.
Leave us have a little peace.
Very truly yours,
Isaac Kramer.
IK :RK
On July 1,1959 the landlord personally by letter communicated with the tenant. The landlord’s letter reads as follows :
Mr. Arnold Applefield, Tenant of Upper Floor, 2618 Ave. X, Brooklyn 35, N. Y.
Please take notice that on or before the 31st day of July 1959, you and all persons occupying the same are required to quit and remove from the second floor apartment and garage at premises 2618 Ave. X, Brooklyn, N. Y. now occupied by you, for the reason that you have failed to exercise your option in accordance with the lease dated June 12, 1956, between Harold Slutsky and Arnold Applefield.
Dorothy Adelmah, Landlord, 2618 Ave. X, Brooklyn, N. Y.
On July 2,1959 the tenant in person delivered to the landlord in person a communication dated June 5, 1959, signed by him, in which he exercised his option to remain in the premises, which communication is marked landlord’s Exhibit 2. On the same day, July 2, 1959, the landlord communicated with the tenant by letter, registered mail, return receipt requested, advising the tenant that she cannot accept the notice electing to take up the option which was handed to her on July 2, 1959 at 4:45 p.m.
It is the landlord’s contention that the letter of June 5, 1959, addressed to her by the tenant’s attorney, exercising the option and extending the said lease, was of no force and effect. The landlord further contends that the notice of July 2, 1959 was untimely.
*98 The court is mindful of the many decisions supporting the landlord’s position (see Matter of Lendon Realty Corp. [Weber], 193 Misc. 120; 747 So. Blvd. Realty Corp. v. Wein-Rose, 201 Misc. 552). The reasoning behind this principle is that the notice by the attorney rather than the principal might be claimed to be unauthorized and that therefore the letter by the attorney should be accompanied by proof of authority (see Mesaba Constr. Co. v. 46th St. Serv. Station, 68 N. Y. S. 2d 751). However, the course of conduct by the landlord herein clearly distinguishes the case before me now from those above cited. Here the landlord, by her attorney, acknowledged receipt of the letter written by tenant’s attorney, dated June 5, 1959. In effect, therefore, this was a verification of tenant’s acceptance of landlord’s offer to exercise the option for a further term of two years. There was established mutuality of agreement. The landlord by this act has waived her right to strictly enforce the terms of the lease, calling for tenant’s letter exercising the option to be personally given by him rather than through his agent. Further, in view of the fact that from June 5, 1959 to July 1, 1959 the landlord was mute and silent convinces this court that the landlord put the tenant into a false state of security.
Moreover, the tenant had a right to rely on the fact that the landlord had accepted his request to take up the option. The court is convinced, further, that the landlord did not act in good faith in that it was not until July 2, 1959 that she com- . municated with the tenant by letter advising him that she could not accept the notice written by the tenant’s attorney electing to take up the option. The landlord could have rejected the letter, as aforesaid, prior to July 2, 1959. It is to be pointed out, too that the landlord in no way challenged the authority of the letter of June 5, written by tenant’s attorney.
In view, therefore, of the landlord’s course of conduct as set forth above, she should now be precluded from insisting that the tenant should have advised the landlord- of his intention to exercise the option.
For the court to apply and use a blindfold pierced with holes to overlook the conduct of the landlord would be a travesty of justice. It is well settled that where a person wronged is silent under a duty to speak, or by an act or declaration recognizes the wrong as -an existing and valid transaction, and to some degree at least gives it effect so as to benefit himself, he acquiesces in and assents to it and is equitably estopped from impeaching it (see Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458).
*99 Assuming that the tenant’s letter, written by his attorney, lacked authority, the fact that the landlord by her acts, to wit: that the landlord directed her attorney to reply to the letter of June 5, 1959; that the landlord was mute and silent from June 5, 1959 to July 2, 1959; that the landlord accepted the letter of June 5, 1959 and assented thereto; that the landlord did not reject the letter of June 5, 1959 prior to July 2, 1959 — by these acts on the part of the landlord the court is convinced that the landlord under the circumstances herein should now be precluded from setting forth the principle that the tenant’s attorney’s letter is invalid.
The principle of equitable estoppel prohibits a person, upon principles of honesty and fair dealing, from asserting rights the enforcement of which through his omission or commission would work an injustice.
Accordingly, under the facts and circumstances disclosed by the record, the court finds that the contention of the landlord is not well taken, directs the dismissal of the landlord’s petition, and further directs the issuance of a final order in favor of the tenant.