Maurice Wahl, J.
In this summary proceeding for nonpayment of rent instituted on February 11, 1960, the landlord seeks to recover possession of the premises and a judgment in the sum of $440, representing rental for the months of January and February, 1960 at the rate of $220 per month pursuant to an alleged written lease. The tenant surrendered possession on February 29,1960, and this fact usually renders the question of possession moot. Where the tenant surrenders possession, that, ipso facto, does not oust this court from jurisdiction over this proceeding. The petitioner is permitted to continue the proceeding for the purpose of establishing its right to possession when necessary, and for a determination of its demand for a personal money judgment against the tenant for the rent found to be in arrears. (See Sheldon Terrace v. Schneider, 18 Misc 2d 456 and cases cited.)
The purpose and intent of the statute (Civ. Prac. Act, art. 83) is to afford a summary means of obtaining a speedy determination and adjudication of disputes between landlord and tenant as to the right of possession. (Emray Realty Corp. v. Jackson, 12 Misc 2d 62 ; Torah v. Howard, 16 Misc 2d 724.)
*49 The basis upon which the tenant seeks to avoid liability for the rent payable under the so-called lease admittedly executed by her is detailed in her attorney’s letter dated February 12, 1960 as follows:
“ Our client advises us that she executed a written form of lease which at the time, did not bear the signature of the landlord or of any representative thereof and that she delivered the same to the agent for the owner. Subsequently thereto, this offer was rejected and the landlord requested two months’ security in lieu of the first month’s security, apparently provided for in the original lease form. A new rider was submitted to Miss Morgan for her signature which rider provided for two months’ security. Miss Morgan refused to sign the new rider and has not returned same to the landlord. She advises us that up to this moment the landlord has not delivered to her any executed copy of any written lease.
“ Based on the foregoing facts we have advised Miss Morgan that the written form of lease executed by her constituted merely an offer to lease which did not become an agreement of lease since it was never executed and delivered to her by the landlord. Consequently, said offer could be withdrawn at any time. In our telegram and subsequent letter we have, on Miss Morgan’s behalf, withdrawn the offer to lease. ’ ’
The salient facts in this communication were not seriously controverted by the landlord.
The signing of a form of lease by the tenant and submitting same to the landlord constituted a unilateral offer to lease (Freedman v. Washington Square Management Corp., 19 Misc 2d 46, affd. by App. Term April, 1960, permission to appeal to Appellate Division denied), which was not accepted by the landlord. On the contrary, her offer was rejected when landlord counteroffered. Her refusal to accept the counteroffer precluded the making of an agreement. (Minneapolis & St. Louis Ry. v. Columbus Rolling Mill, 119 U. S. 149; 1 Restatement Contracts, §§ 36-37.) The numerous citations submitted by the petitioner seemingly have no pertinency to the matter in issue.
The tenant having occupied the premises for four months and having paid the landlord the sum of $880, which constitutes four times the monthly rental, no rent remains due the landlord.
Accordingly, upon the proof adduced herein, the landlord’s petition is dismissed.