Aron Steuer, J.
The landlord, New York City Housing Authority, is a public corporation existing by virtue of the Public Housing Law. Its lease with the tenant herein was in the usual form. This is a tenancy for one month, continually renewed unless and until either party gives notice. It is undisputed that due notice in accord with the lease was given and the tenant did not vacate. Ordinarily no question could he raised *619 that the tenant was thereafter holding over (New York City Housing Auth. v. Russ, 1 Misc 2d 170) and the court below so recognized. HoAvever, the Authority proved in addition to the foregoing that it had determined that the tenant was undesirable and presumably this was its reason for terminating the lease.
Concededly the emergency rent laws do not apply to this housing. The Public Housing Law gives to the landlord (§54) a right to establish rules and procedures to terminate the lease for undesirability. We have held that where this is the situation, the Authority must establish that it went through the procedures, and while the tenant might contest this fact, he cannot contest the finding of undesirability (New York City Housing Auth. v. Greenbaum, 1 Misc 2d 138). The rationale of the holding is that a tenant sought to be evicted may put the Authority to its proof that it has complied with the regulations that it has set up but that upon compliance its action is unquestionable. (New York City Housing Auth. v. Bernstein, 1 Misc 2d 84.)
The learned court below fully understood this holding but determined that it overlooked subdiAÚsion 6 of section 1410 of the Civil Practice Act. While recognizing the learning and application of the opinion below (23 Misc 2d 408), we are constrained to disagree. Subdivision 6 of section 1410 of the Civil Practice Act makes undesirability an issue for the court. It was enacted in 1921, long antedating the Public Housing Law (1939), the regulations made pursuant to it and the cited decisions thereon. While the statute could not be superseded by a regulation that is not what takes place here. The statute has reference to an existing tenancy either by lease or prolonged through rent control. The tenancy here has terminated in a manner that it authorized by law. The issue is not whether there is a right to terminate the tenancy but whether it has been so terminated. The proof additional to the usual proof of expiration was required because of the circumstances. These are, the exemption from rent control was coupled with certain safeguards to tenants. We held that compliance with those safeguards was a condition to effective termination. Beyond that there is no right to go.
The final order should be reversed, with $30 costs, and final order directed in favor of the landlord, Avith costs.