Clare J. Hoyt, J.
The petitioner on June 1, 1956, became a tenant of respondent White Plains Housing Authority under a written lease, which provided for automatic renewals each month with the right of either party to terminate on 30 days’ written notice.
The respondent is a municipal corporation created pursuant to section 422 of the Public Housing Law of the State of New York to provide low-income housing for duly qualified persons. It operates and manages five buildings, housing approximately 450 families. It is estimated that there are about 1,000 children in the project.
*950 On August 25, 1961, the Authority, electing to terminate the tenancy, served written notice on petitioner and upon her failure ■to vacate within 30 days, commenced summary .proceedings in the White Plains City Court..
Petitioner’s attorney then requested a hearing by the Authority to reconsider its determination. The Authority did not grant petitioner a hearing, but did review with petitioner’s attorney the basis for its original decision and advised petitioner’s attorney that the summary proceedings to evict would be continued.
Thereupon, petitioner, proceeding by order to show cause, sought an order in the nature of prohibition to restrain respondent’s prosecuting the summary proceedings and sought an order in the nature of mandamus to compel respondent to conduct a full hearing, with the right to petitioner to present evidence in her behalf, cross-examine respondent’s witnesses, etc., to determine whether petitioner should be evicted.
The respondent did not submit an answer and return to the petition, but moved to dismiss on the grounds of legal insufficiency. The motion to dismiss was denied since under that proceeding the allegations of the petition were deemed true and it seemed to the court that an inquiry by an article 78 proceeding was proper to review the Housing Authority’s determination terminating the tenancy. (N. Y. L. J., Dec. 8,1961, p. 20, col. 1.)
Now that an answer, has been filed the court can review the actions of the respondent and determine if they were proper.
Qualification for tenancy is governed by the Public Housing Law and the Authority,, pursuant to resolution establishing policies and standards to govern the administration of State-aided projects of the White Plains Housing Authority (accepted and approved by the State Commission of Housing on Dec. 12, 1958) has defined its standard of desirability under subdivision (h) of section 2 thereof as “ the absence of any condition or characteristics which may impair the health, safety, or morals of the other tenants, or may present a source of danger to the property or to the peaceful occupation of the other tenants ”. fin addition the Authority established certain rules and regulations which became effective on July 11, 1958, upon filing with jthe State Commissioner of Housing, in order to effectuate the lj purposes of the Authority.
In the instant case, the Authority, following an investigation by its Managing Director and Tenant Relations Assistant, determined that petitioner and her family were in violation of the rules and regulations and did not meet the standards of desirability prescribed under its policies and standard resolution. *951 The basis of the determination was the misconduct of petitioner’s children.
Petitioner submits that the aforesaid resolution and rules and regulations are of no effect since they have not been filed withy the office of the Department of State pursuant to section 8 of article IV of the New York State Constitution. The court is of the opinion that this section is not applicable to the White Plains Housing Authority, which is a municipal corporation and not a department, board, bureau, office, authority or commission of the State. The applicable section of law relating to the filing of by-laws, rules and regulations is found in subdivision 1 of section 54 of the Public Housing Law which requires filing with the Commissioner of Housing. As previously shown, the Authority complied with this requirement (see People v. Cull, 10 N Y 2d 123 and New York City Housing Auth. v. Russ, 1 Misc 2d 170).
The basic issue raised by this proceeding is whether the Authority was under an obligation to afford petitioner a hearing prior to reaching a decision to terminate the tenancy. The court believes not. At the outset it must be noted that petitioner has not cited any authority in support of her contention, nor has the court been able to find any provision of law requiring the Authority to conduct such a hearing. Section 130 of the Public Housing Law specifically provides for a hearing when the sale or lease of municipal lands to a housing company is contemplated. Section 37 (subd. 1, par. x) of the Public Housing Law empowers a housing authority to conduct hearings in the furtherance of its business if such hearings are deemed necessary by the Authority. It appears to be legislative policy to provide for a hearing where such is intended and where no such provision is made the courts have construed statutes as not requiring a hearing (People ex rel. Fonda v. Morton, 148 N. Y. 156; People ex rel. Woodward v. Draper, 142 App. Div. 102, affd. 202 N. Y. 612).
The Housing Authority is a body corporate engaged in administering housing projects under its jurisdiction and in furtherance thereof is empowered by the Legislature to adopt certain legislative and administrative rules and regulations relating to its organization and internal management. The power exercised by the Authority can be classified as legislative and administrative as opposed to judicial or quasi-judicial. The courts have sometimes stated that whether a hearing was a prerequisite of a determination depended updii whether the agency in question exercised .legislative, administrative, judicial or quasi-judicial power. (Matter of the Town of Waterford v. Water Pollution *952 Control Bd., 5 N Y 2d 171; Wasservogel v. Meyerowitz, 300 N. Y. 125; Matter of Hecht v. Monaghan, 307 N. Y. 461; Matter of Mouakad v. Ross, 274 App. Div. 74.) Those agencies engaged .in.legislative or.:administrative functions, in the absence of .legislation, have not been compelled to afford grieving partieá hearings. . (People ex rel. Lodes v. Department of Health of the City of N. Y., 189 N. Y. 187; Matter of Browne v. Rice, 171 Misc. 695, affd. 259 App. Div. 847, appeal dismissed 283 N. Y. 684; Matter of Lerner v. Casey, 138 N. Y. S. 2d 777, affd. 2 A D 2d 1, affd. 2 N Y 2d 355 and cases cited thereip.) In Gelfand v. New York City Housing Auth. (111 N. Y. S. 2d 256, 258) the court ruled there was no right to a hearing where the Authority increased petitioner’s rent in a public housing project. Special Term thought it inconceivable that the Legislature could, have intended that every increase of rent of every tenant of a public housing project required a hearing by the Authority. Likewise, it is inconceivable that the White Plains Housing Authority is required to grant a hearing whenever it exercises its right to terminate a month to month tenancy pursuant to a written lease.
The court recognizes that the Authority is composed of public-spirited- citizens serving without compensation, and that - the decision made by them was one that, in their opinion, was necessary for the administration of the project and the welfare of all of the tenants. From the evidence before it, the Authority’s action was justified and the court is satisfied that it complied with its established procedures relative to the termination of petitioner’s tenancy (New York City Housing Auth. v. Watson, 27 Misc 2d 618). The court should not substitute its judgment for that of the Authority where it appears that there was sufficient evidence to justify the decision to remove the tenant. The court should only interfere when the determination made was onethat no reasonable mind could reach (Burstyn, Inc. v. Wilson, 303 N. Y. 242; Matter of Stracquadanio v. Department of Health of the City of N. Y., 285 N. Y. 93; Matter of Pollak v. Conway, 276 App. Div. 435).
Accordingly, the petition is denied, the proceeding dismissed and the stay of summary proceedings vacated.