J. Daniel Fink, J.
This is an application brought on by the tenant, James Gantt, in this holdover summary proceeding for an order vacating (a) a stipulation between the parties and (b) the final “ order ” heretofore entered in favor of the landlord, and setting the matter down for a trial on the merits.
The tenant avers that he was not represented by an attorney in executing the stipulation, that he did not realize that he had a good defense to the action, and that he ‘ ‘ probably would have been successful upon a trial of the action. ’ ’
Although the order to show cause herein and the affidavit by the tenant, James Gantt, both set forth that a stipulation was entered into between the tenants and the landlord, the record in the case shows that the final judgment was entered in favor of the. landlord after trial before me on September 26, 1966, and that a stay of the issuance of the warrant was granted to the tenants up to and including March 31,1967. There is no indication that a stipulation for the entry of final judgment was made between the parties herein. As a matter of law, it is immaterial to the questions presented on this motion whether the final judgment herein was entered upon a stipulation or after trial.
The landlord, a public hpusing authority existing pursuant to the Public Housing Law, is exempt from the provisions of the New York City Bent and Behabilitation Law (Local Laws, 1962, No. 20 of City of New York, as amd.; Administrative Code of City of New York, § Y51-3.0, subd. e, par. 2, cl. [f ]; § Y51-6.0, *449 subd. e). The landlord’s right to possession is based upon a monthly lease, which permits either party to terminate on one month’s notice. Where service of an appropriate notice is duly made upon a public housing tenant, the tenancy is brought to an end. If the tenant remains in occupancy beyond the date specified in the notice served by the landlord which terminated the tenancy, the landlord is entitled to apply to the Civil Court for a final judgment of possession.
In its review of applicable authorities, the court has considered the following:
Thorpe v. Housing Auth. (386 U. S. 670); Holt v. Richmond Redevelopment & Housing Auth. (266 F. Supp. 397) and the text of the address delivered by Associate Justice Fortas of the Supreme Court of the United States on March 29, 1967, in his James Madison Lecture at New York University School of Law (42 N. Y. U. L. Rev., 401).
The thrust of the foregoing cases appears to be that a tenant in possession of an apartment in a low cost public housing project may not be given a notice of termination of his tenancy without being advised by the landlord of the reasons for the termination and the thrust of the text of Justice Fortas’ address (supra) is that recipients of public assistance may not be considered as constitutional nonpersons but that we need not go so far as to embrace the argument that the State has a constitutional duty to provide its indigent with low cost housing. However, if the State chooses to do so, ‘ ‘ it must proceed with careful regard to the rights of the recipients, for they, too, are persons within our constitutional scheme ”. (42 N. Y. U. L. Rev. 414.)
Nevertheless, there is a co-equal responsibility by the indigent and members of his family, directly or indirectly, to his cotenant, neighbor and community, so that his or their conduct is not a detriment to the health, safety and morals of his neighbors or to the community or an adverse influence on sound family and community life, or a source of danger to the housing project or the peaceful occupation of other tenants.
Evictions for any such failure of responsibility “ will completely protect the viability of the housing project without making the tenant a serf who has a home at the pleasure of the manager of the project or the housing authority.” (Thorpe v. Housing Auth, supra, p. 680.)
The landlord-petitioner’s procedure in this regard distinguishes the foregoing references and the applicable cases therein cited, and, in addition, is consonant with such directive, in that the tenants here, following a hearing before the Tenant Review *450 Board, were given an opportunity to make such explanation as they desired.
There is the further circumstance that, following a determination of undesirability, any aggrieved party is at liberty, if so advised, to proceed in respect of the applicable provisions of CPLR, article 78.
Although the tenant’s affidavit on this application states that the landlord’s holdover proceeding is based upon the harmful activities of his children, an examination of the petition clearly indicates that such proceeding was brought under subdivision 1 of section 711 of the Real Property Actions and Proceedings Law which authorizes a summary proceeding against a tenant who continues in possession of premises after the expiration of his term. It has been held (New York City Housing Auth. v. Greenbaum, 1 Misc 2d 138), that the reason for termination of a public housing tenancy is not a matter which is cognizable in a holdover summary proceeding brought in the Civil Court. (See, also, New York City Housing Auth. v. Bernstein, 1 Misc 2d 84.) Accordingly, any proffered proof of facts which deals with the administrative grounds upon which the Authority determined to terminate the tenancy of these tenants is irrelevant to the holdover summary proceeding brought herein and, therefore, cannot form the basis for granting tenant’s application for a new trial.
The landlord established, in the trial held before me on September 26, 1966, the requisite proof regarding its monthly lease with these tenants, the termination of the tenancy by appropriate notice, and the failure of the tenants to vacate the premises within the time prescribed therefor in the notice aforesaid. The landlord thereby became entitled to a final judgment and there could be no defense asserted to the summary proceeding (New York City Housing Auth. v. Robinson, 13 Misc 2d 433, and case cited; see, also, New York City Housing Auth. v. Watson, 27 Misc 2d 618).
As noted above, the tenants were granted a stay by this court on September 26, 1966, up to and including March 31, 1967, a period slightly exceeding six months. Thereafter, the landlord stipulated with the tenants for an extension of the stay up to and including May 31, 1967. Prior to the expiration of the latter date, the present application was brought on behalf of the tenants. The authority of this court to grant a stay of issuance of the warrant after a final judgment is limited to“a period of not more than six months ”. (Real Property Actions and Proceedings Law, § 753.) This maximum period, prescribed by law, *451 may not be exceeded by the court (Kipling Arms v. Adams, 1 A D 2d 658) has now expired.
Moreover, the application must fail because the tenants are guilty of laches in waiting almost eight months after the trial of the proceeding to apply for a new trial on the merits. (New York City Housing Auth. v. Parker, 11 Misc 2d 904.) In addition, the tenants entered into and accepted the benefit of a stipulation made with the landlord for a further extension of time after March 31,1967, and cannot now be heard to challenge the final judgment after having secured the benefit of an additional extension of time based thereon. (See Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458, 464; McLear v. McLear, 265 App. Div. 556, 561, affd. 291 N. Y. 809; Matter of Adelman v. Applefield, 22 Misc 2d 95, 98.) Furthermore, no valid legal reason has been assigned for vacating the stipulation which was made for the exclusive benefit of the tenants to afford them additional time to remain in the premises.
Accordingly, the tenants’ application to vacate the final judgment heretofore entered in favor of the landlord, and for a new trial, is denied in all respects, and the stay heretofore entered herein is vacated.