Maurice Wahl, J.
Petitioner herein instituted a summary proceeding against Harlan L. Davis and his wife, Amanda Davis, to recover possession of an apartment occupied by the respondents at 165 West End Avenue, New York County. This building is part of a number of buildings known as the Lincoln Towers Complex. It is asserted by the petitioner, and not denied by the respondents, that the written rental agreement had expired on August 31,1968, and that the tenants remain in possession without the consent of the landlord and the lease in question contained no provision for the right to renewal.
The tenants interposed an answer containing two affirmative defenses: The first defense alleges that the proceeding was instituted solely to punish these respondents for engaging in organizational activities with other tenants to protest exorbitant rental increases, and for advising other tenants of their rights, and that the petitioner is retaliating and therefore violating the First and Fourteenth Amendments of the United States Constitution by infringing upon the respondents’ right to organize and petition, to redress grievances, and to exercise their right of free assembly.
The second affirmative defense alleges that the tenants would execute a new lease for a stated period at the prevailing rental for the demised premises if the petitioner would offer such a lease.
The petitioner now seeks a summary determination in this holdover proceeding pursuant to CPLR 409 (subd. [b]) that the *293 affirmative defenses be stricken, and since there are no triable issues of fact, that summary judgment be granted to the petitioner pursuant to CPLR 411 and section 747 of the Real Property Actions and Proceedings Law.
The tenant, Harlan L. Davis, in his affidavit on this motion and companion motion contends that the petitioner’s refusal to renew the lease is retaliatory because the affiant exercised his constitutional rights, and that the petitioner has no absolute right to refuse renewal of the lease; and further, that the affiant is being punished because he organized the tenants of Lincoln Towers known as ATLT and was the past president thereof. The argument is further advanced that the properties controlled by the petitioner known as Lincoln Towers were built with Federal Government aid and that there is an F. H. A. mortgage on all the premises and that it should be considered a quasi-public entity acting with governmental power.
In short, the respondents contend that a landlord of publicly assisted housing accommodations violates the constitutional rights of tenants evicted arbitrarily and thus is contrary to the Fifth and Fourteenth Amendments. In brief, the answer admits all of the essential allegations of the petition but seeks to interpose a defense based upon the alleged violation of the respondents’ constitutional rights.
There has been a long history of acrimonious dispute between the petitioner on one side and the respondents and other tenants on the opposite side. It appears that some of the activities of the tenants’ association dramatizing what they considered unfair rent increases, included: organizing picket lines in front of the petitioner’s buildings; hanging sheets of aluminum foil (thereby publicizing Alcoa’s ownership of the project) bed sheets and towels from the windows; distributing leaflets urging prospective new tenants not to rent apartments from the petitioner, arranging meetings with local political figures and with representatives from various governmental agencies, and giving interviews to the press to call attention to the rent increases.
The decisions heretofore made for injunctive relief in the Supreme Court, New York County and in the Appellate Division, First Department, involving the disputants have no bearing whatsoever in this holdover proceeding. Thus the issue presented on this motion for summary determination is whether the landlord’s refusal to renew a lease having expired by its own terms violates the respondents’ constitutional rights under the circumstances mentioned above.
The constitutional issues sought to be raised by respondents are neither applicable nor germane to the issue of a holdover *294 tenancy. The numerous cases cited by the respondents are not pertinent.
This court is an inappropriate forum for the resolution of constitutional issues. The purpose of a summary proceeding is to afford a means of obtaining a swift determination of disputes between landlord and tenant as to the right of possession. (Lex-56th Corp. v. Morgan, 24 Misc 2d 48, application den. 13 A D 2d 912.) Respondents admit that they are holdovers, and thus, the petitioner has the right of possession. If the respondents are being deprived of their constitutional rights, then there are appropriate forums for testing that issue — but not in this court in this limited proceeding.
As this court recently stated in Jakobson v. Fischer (N. Y. L. J., Aug. 8, 1968, p. 8, cols. 5, 6): “ Summary proceedings should provide an expeditious determination of limited issues of fact and law. Expanding their scope to include resolution of purely constitutional issues as a matter of common practice would not enhance the administration of justice, in the opinion of this court, and on the other hand, it might well prejudice the right of either the petitioner or the respondent to the speedy determination of the matter in conflict a summary proceeding contemplates.”
The Constitution equally protects freedom of speech as it protects a person’s property. The attempt to equate whether one amendment overrides another is not for this nisi prius court to decide. In order to defeat petitioner’s claim to possession of the premises, respondents must show a superior right of possession. In this case, the only possible right that respondents may assert is a right of renewal.
Apart from the lack of merit of respondents ’ alleged constitutional contentions, this court lacks the jurisdiction necessary to afford the real relief respondents seek. Their lease has expired and no new lease has been executed. The lease contained no self-executing renewal provision and, specifically stated that the tenants did not have a vested right to renewal, and indeed, it provided that upon the expiration of the term, the tenants were to surrender the apartment to the landlord.
Although the tenants herein have presented a very eloquent and moving expression of their contention, yet, in law, there is no defense. Hence the motion is in all respects granted and the Clerk is directed to enter judgment for the landlord.
Issuance of the warrant is stayed for a period of five days from date of service of a copy of this decision upon the respondents or their attorney.