Jerome O. Ellis, J.
The petitioner, New York City Housing Authority, has instituted a holdover summary proceeding whereby the petitioner seeks a final judgment of eviction against the respondents. The respondents are tenants in a public housing development maintained and operated by the petitioner.
The respondents maintain that the following affirmative defenses are applicable to the matter herein and, therefore, petitioner’s relief should be denied, by this court:
(1) The petitioner may not terminate a tenancy without first conducting an administrative hearing. Since the petitioner has not conducted an evidentiary hearing, the respondents maintain, *359 that they have been deprived of their right to procedural due process under the Fourteenth Amendment to the United States Constitution, and, section 6 of article I of the New York State Constitution; and,
(2) The petitioner’s reasons for terminating the tenancy are subject to review in a holdover summary proceeding.
The constitutional issues sought to be raised by respondents are neither applicable nor germane to the issue of a holdover tenancy. This court is an inappropriate forum for the resolution of constitutional issues. The purpose of a summary proceeding is to afford a means of obtaining a swift determination of disputes between landlord and tenant as to the right of possession. (Lex-56th Corp. v. Morgan, 24 Misc 2d 48, 13 A D 2d 912.) If the respondents have been deprived of their constitutional rights then there are appropriate forums for testing that issue — but not in this court in the limited proceeding. (Lincoln Sq. Apts. v. Davis, 58 Misc 2d 292.)
As to the second affirmative defense, it has been held that the reason for termination of a public housing tenancy is not a matter which is cognizable in a holdover summary proceeding brought in the Civil Court. (New York City Housing Auth. v. Greenbaum, 1 Misc 2d 138; New York City Housing Auth. v. Bernstein, 1 Misc 2d 84.) Accordingly, any proffered proof of facts which deal with administrative grounds upon which the authority determined to terminate the tenancy of these tenants is irrelevant to a holdover proceeding. (Matter of New York City Housing Auth. v. Gantt, 57 Misc 2d 447.) The propriety of its determination as to the ineligibility of the tenants herein, while reviewable in an article 78 proceeding in the Supreme Court, is not open to question in this summary proceeding to remove the tenant as a holdover. (New York City Housing Auth. v. Bernstein, 1 Misc 2d 84.)
The landlord has established the requisite proof regarding its monthly lease with these tenants, the termination of the tenancy by appropriate notice, and the failure of the tenants to vacate the premises within the time prescribed therefor in the notice aforesaid. The landlord thereby is entitled to a final judgment and there is no valid defense asserted to the summary proceeding. (New York City Housing Auth. v. Robinson, 13 Misc 2d 433; New York City Housing Auth. v. Watson, 27 Misc 2d 618.)
Final judgment has been entered simultaneously herewith.