Bentley Kassal, J.
This decision is being submitted in order to set forth the guidelines to be followed by the trial court at the hearing to determine whether the landlord may refuse to renew the lease of a tenant in a quasi-public middle income project.
The court had an informal conference with both attorneys on January 21, 1972 which, together with their written statements, is being considered an application to reargue. Such application is granted and decided as follows:
The decision of this court, dated December 8, 1971 (68 Mise 2d 103), in this case is hereby modified and superseded to the following extent:
1. The issue at trial shall be the nondesirability of the tenant for continued occupancy in this housing project. The standard of desirability is whether the tenant or his family will not or does not constitute (9 NYORR 1627-7.2):
*956 “ (a) a detriment to the health, safety or morals of its neighbors or the community,
“(b) an adverse influence upon sound family and community life,
“(c) a source of danger to the peaceful occupation of the other tenants,
“ (d) a source of danger or cause of damage to the premises or property of the authority, or
“(e) a nuisance. In making such determination consideration shall be given to the family composition, parental control over children, family stability, medical and other past history, reputation, conduct and behavior, criminal record, if any, occupation of wage earners, and any other data or information with respect to the family that has a bearing upon its desirability, including its conduct or behavior while residing in a project.”
2. With regard to the procedural rights of the tenant, the same are reaffirmed as stated in the prior decision: (a) The tenant shall have adequate prior notice of the complete grounds for such action and the nature of the evidence to be used against him. (b) The tenant shall be afforded an adequate opportunity to rebut the evidence, which shall include the right to confront and cross-examine those persons who supplied the information relied upon by the landlord. However, this does not preclude
> the use of business records under CPLR 4518 or other admissible evidence. (Escalera v. New York City Housing Auth., 425 F. 2d 853 [1970]; Matter of Williams v. White Plains Housing Auth., 35 A D 2d 965 [2d Dept., 1970]; but, see, Matter of Fuller v. Urstadt, 28 N Y 2d 315 [1971].)
3. Regarding the quantum of proof, in my opinion there must be substantial evidence. Since the Escalera case mandates that there be a full evidentiary hearing, with the safeguards recited above, and since this tribunal is not an administrative body but a court of record, it is logical and proper that the quantum of proof minimally be substantial evidence, which goes beyond the limited standard of arbitrariness referred to in Fuller (supra).