Patrick J. Picariello, J.
This is a holdover proceeding instituted by the landlord of a development organized under article V of the Private Housing Finance Law.
Petitioner has refused to renew respondents’ lease which expired on September 30,1971.
On respondents’ motion to dismiss the petition, predicated upon deprivation of due process, Honorable Bentley Kassal, a Judge of this court, issued an order dated December 8, 1971 (68 Misc 2d 103) granting the motion to the extent of setting the matter down for trial — “ at which time the issue will be whether the tenant has violated a substantial obligation of the tenancy ”.
This order was, upon reargument of the original application (68 Misc 2d 955), modified and superseded so as to more particularly relate the issue to be tried, viz: the nondesirability of the tenant for continued occupancy in the housing project. The standard of desirability was in said modification delineated (9 NYCRR 1627-7.2, 1627-7.3). Procedural rights of the respondents were therein reaffirmed and substantial evidence was to be, minimally, the quantum of proof to be required on the issue to be tried.
Testimony was taken by the court describing the conduct of respondents ’ son, Charles, unfortunately mentally retarded, and of certain acts and incidents in which Charles was involved and which petitioner claims constitute the basis for a finding of undesirability.
Staff memos and complaints in the form of letters received from other tenants and third parties were offered in evidence by the petitioner under CPLR 4518, to which respondents objected, and on which objection the court reserved decision. The court now overrules the objection, and will consider the documentary evidence submitted. Candidly, however, the court will not accord it much probative value, not because it impugns its genuineness, but because respondents were not accorded their constitutional right to confront these witnesses and to cross-examine them. All the respondents can do, and did, is deny the incidents therein related.
However, there have been certain acts and incidents testified to by witnesses to which respondents’ son admitted. Petitioner’s witnesses were unable to testify as to any particulars with respect to which these incidents were repeated, except to state that they occurred frequently. Particularly, it was testified that Charles was always in the incinerator room although he knew he should not have been there; was always walking *303 through the garage premises, although only tenants with vehicles therein stored were permitted to go in (respondents do not store their vehicle in the garage); was always climbing over the back fence (it provided a short walk to his apartment), etc., etc. There were two or three other isolated instances. On one occasion early in the tenancy period he trampled on the shrubbery. Charles admitted this and after being reprimanded did not repeat it. He was accused of using obscene language in the laundry room on one occasion. He readily admitted being in the laundry room, denied using the obscene language, and testified that he was there listening to music. Charles was accused of throwing objects and water out of his apartment window on two occasions. No one identified Charles or any other member of the family as the one who was seen committing these acts.
With respect to the incinerator room, it was Charles’ testimony that he visited the incinerator room with petitioner’s employee and remained there with this employee with his consent. No rebuttal was offered. With respect to walking through the garage premises on the project site, Charles readily admitted it, but testified that on all such occasions petitioner’s employee was in the garage and that he walked through with the latter’s consent. No rebuttal was offered. With respect to climbing over the back fence, Charles admitted that at first he did so. However, after having been reprimanded by his father, he no longer indulged in this form of exercise.
Thus, what we have here are isolated instances of objectionable conduct, rendered objectionable by rules and regulations, such as walking through the garage premises, dillydallying in the incinerator room, climbing over the back fence, etc., and two or three isolated incidents of intrinsically objectionable conduct, such as the use of obscene language on one occasion, denied by Charles; throwing of water out of respondents’ apartment window, denied by the respondents; and, threats made in the management office, denied by both respondents and Charles.
Now, there is no rule which will define accurately in every possible contingency what acts or conduct, facts or incidents will make a tenant undesirable. Mere annoyances in and of themselves do not make a tenant undesirable. The principle has been enunciated that to make a tenant undesirable, there must be an unwarrantable, unreasonable or unlawful use of property to the annoyance, inconvenience, discomfort or damage to others. Furthermore, undesirability involves the idea of *304 continuity or recurrence. The testimony of petitioner’s witnesses on this aspect of the case was vague and generalized. Unlike a lawsuit involving an act of negligence, a breach of contract, or a criminal act and the like, in analyzing proof in a case of this kind it becomes quite evident that the evidence must be taken as a whole. It constitutes improper analysis and self-deceiving sophistry, in this court’s opinion, to fragmentize the evidence and thereby establish the character of each individual and isolated act and incident and then ignore the falsity or unreliability projected in the whole.
So that, even though the court were to find as a fact that these objectionable acts were indeed committed by the respondents or their son, the question still remains as to whether or not the court could conclude therefrom that the respondents were undesirable {supra).
After trial, it is the court’s opinion that the testimony and other evidence offered by the petitioner were not “ substantial ” to the extent that it could support a finding of undesirability.
Petition dismissed, with costs.