J. Robert Lynch, J.
The plaintiffs have brought this action against the defendants, seeking among other relief to enjoin permanently their threatened eviction. They move now for a temporary injunction.
The plaintiffs lease an apartment in a complex controlled by the defendants as managing agent. While the lease was for one year, it was in the normal expectancy of the parties that it would be renewed from year to year. The plaintiffs have lived in their apartment for two years and expected to stay for at least another year after their present lease expired on February 29, 1972. However the defendants have sent them a notice that their lease would not be renewed beyond February 29, 1972 and threaten summary proceedings to evict if they have not vacated by that date.
The plaintiffs have been active and vocal in a tenants’ association which has been seeking correctives for what it feels were housing and code violations by the defendants in the apartment complex. From what we have seen (only the complaint and the plaintiffs’ attorney’s affidavit) there is no doubt that the defendants’ decision not to renew the lease was motivated solely by these activities of the plaintiffs. Any proceeding for eviction so motivated and retaliatory is unconstitutional in that it seeks to have a State penalize a person for exercising his constitutional rights of free speech. (Hosey v. Club Van Cortlandt, 299 F. Supp. 501.)
We are asked for a preliminary injunction. Since section 743 of the Real Property Actions and Proceedings Law permits 1 ‘ any legal or equitable defense ” to be raised in an eviction proceeding, does this not eliminate the threat to the plaintiffs which is prerequisite to a preliminary injunction (CPLR 6301) ?
In Hosey v. Club Van Cortlandt (299 F. Supp. 501, supra) the Federal court faced the same problem and had available to it the same cases which are available to us. It held the law in New York unsettled “ whether retaliation is a defense to a holdover proceeding” (299 F. Supp. 501, 507). It denied the preliminary injunction for a lack of the threatened constitutional violation which would have been present were it settled in New York that such a defense could not be raised. At the least, we concur with the reasoning of the Federal court. At the most, we feel that the same cases settle the law in New York to permit the defense of retaliatory eviction to be raised in a summary holdover proceeding. (See Club Van Cortlandt v. Hosey, *256 N. Y. L. J., June 11, 1970, p. 2, col. 2; Portnoy v. Hill, 57 Misc 2d 1097.) Of the seemingly contradictory cases Matter of New York City Housing Auth. v. Gantt (57 Misc 2d 447) did not involve a defense of retaliatory eviction, and Lincoln Sq. Apts. v. Davis (58 Misc 2d 292) which was affirmed without opinion by the Appellate Term (64 Misc 2d 859) was, by the same court in Club Van Cortlandt v. Hosey (supra), limited to its own facts with such succinct finality as to make it practically an orphan and deprive it of hope for posterity.
The motion for a preliminary injunction must be denied.