Harold J. Hughes, J.
This is ,a proceeding pursuant to CPLR article 78 against the Director of the Cohoes Housing Authority.
Petitioner is a tenant of the Cohoes Housing Authority, which is a local public housing authority created, funded and managed by the United States Department of Housing and Urban Development (HUD). Under the terms of the lease, which was for successive one-month terms, the tenancy could he terminated at the end of any term of one month by the authority giving at least one month’s prior notice in writing without giving any reason for the termination.
On or about April 25, 1973, petitioner received a notice of termination stating that her tenancy would be terminated as of Hay 30, 1973. The notice did not state why the tenancy was being terminated. Petitioner did not comply with the notice, and on June 21, 1973, respondent instituted summary proceedings in Cohoes City Court to evict her as a holdover tenant. It appears from the papers before the court that the eviction proceeding is still pending.
Petitioner has commenced the instant proceeding contending that the respondent’s action in attempting to evict her violated her rights to meaningful due process under the Fifth and Fourteenth Amendments; and that respondent’s actions also violated the requirements of HUD Circular BHH 7465.9. Petitioner seeks a stay of the summary proceedings until she is notified of the charges against her and afforded a hearing on such charges before an impartial panel.
Respondent’s answer states the reasons why petitioner’s lease was terminated: complaints from neighbors concerning noise and disorderly conduct; animals in the apartment in violation of the terms of the lease; and destruction of the leased premises. In any event, he contends that petitioner is bound by the terms of the present lease and may he evicted as a holdover tenant. With this contention, the court cannot agree.
Respondent’s contention was advanced and rejected in Matter of Vinson v. Greenburgh Housing Auth. (29 A D 2d 338, affd. 27 N Y 2d 675). A housing authority cannot arbitrarily deprive tenants of their right to continue occupancy through the exercise of the contractual provision in the lease to terminate the lease upon one month’s prior notice in writing. This principle is applicable to public housing projects, whether State-assisted as in Vinson or Federally-assisted (see Thorpe v. Housing Auth., 386 U. S. 670, 678 [Douglas, J., concurring]; Caulder v. Durham Housing Auth., 433 F. 2d 998, cert. den. 401 U. S. 1003; Escalera *20 v. New York City Housing Auth., 425 F. 2d 853, 861, cert. den. 400 U. S. 853).
The court agrees with petitioner’s contention that before she may be evicted she must be afforded minimal procedural due process: in this case, notice of the acts which may form the basis of the landlord’s decision to terminate and the consequences •of an adverse determination, together with the right to be represented by counsel, to confront witnesses and to challenge the evidence upon which the public authority relies in making its determination (see Matter of Williams v. White Plains Housing Auth., 35 A D 2d 965).
The court concludes, however, that there is no requirement that the forum in which the tenant is to obtain these rights be one set up by the housing authority. The court notes that there is a State requirement for a hearing before an authority review board prior to a tenant’s eviction from a housing authority, project (9 NYCRR 1627-7.3). But this requirement relates to the operation of State-aided housing projects (9 NYCRR 1600.1) and thus would not apply in the present case. The New York cases (see, e.g., Matter of Fuller v. Urstadt, 28 N Y 2d 315; Matter of Williams v. White Plains Housing Auth., 35 A D 2d 965, supra; Matter of Vinson v. Greenburgh Housing Auth., 29 A D 2d 338, supra) which have required that the administrative agency afford the tenant a hearing are, therefore, not applicable on the issue of the place of forum.
Nor does the court find any requirement in HUD Circular RHM 7465.9 that there necessarily be an administrative hearing as opposed to a judicial hearing. What the circular does require is that the local housing authority afford an opportunity for a hearing before an impartial official before a tenant’s rights may be terminated by eviction. At the hearing, the tenant must be afforded the right to present his side of the dispute, including the right to be represented by counsel, to bring in witnesses and to confront and cross-examine witnesses.
While there is authority to the contrary (see Matter of Bonner v. Park Lake Housing Development Fund Corp., 70 Misc 2d 325; Lincoln Sq. Apts. v. Davis, 58 Misc 2d 292, affd. 64 Misc 2d 859; New York City Housing Auth. v. Alvarez, 64 Misc 2d 358) this court finds no reason why the petitioner in this case cannot be afforded all the due process guarantees to which she is entitled in the summary proceeding in City Court (see Tompkins Sq. Neighbors v. Zaragoza, 68 Misc 2d 103; Matter of Johnson v. White Plains Urban Renewal Agency, 65 Misc 2d 293; see, also, Thorpe v. Housing Auth., 393 U. S. 268, 284, *21 supra; Johnson v. Tamsberg, 430 F. 2d 1125). In City Court, the petitioner would be entitled to a jury trial on any issues of ..fact raised (Real Property Actions and Proceedings Law, § 745). With regard to the quantum of proof required, there must be substantial evidence (Tompkins Sq. Neighbors v. Zaragoza, 68 Misc 2d 955, supra). A reading of respondent’s answer would indicate that there would be issues of fact as to whether and to what extent petitioner violated portions of paragraph, 2;, of the lease. Whether any violations proved would entitle respondent to eviction under the lease or the case law would be matters for the court.
Nothing in this decision should be construed to mean that the respondent may not set up a procedure affording tenants an administrative hearing with attendant due process guarantees. This court merely holds that respondent is not required to do so if the tenants’ rights are fully protected in the summary proceeding in City Court. ,
The respondent shall be permitted to proceed with the prosecution Of the eviction proceeding and petitioner shall be afforded procedural safeguards consistent with the views expressed herein.